# UNITED STATES DISTRICT COURT
## OF THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC** ) | |
| 1717 Pennsylvania Avenue NW ) | |
| Suite 1025 ) | |
| Washington, DC 20006, ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **KHOPKINS LLC t/a CHOCOLATE CITY WELLNESS** ) | |
| 1723 Connecticut Avenue NW ) | |
| Washington, DC 20009, ) | |
| ) | |
| **DISTRICT HEMP BOTANICALS LLC** ) | |
| **t/a DHB VENTURES** ) | |
| 9 W. Market Street ) | |
| Leesburg, Virginia 20176, ) | |
| ) | |
| **UPSCALE SMOKE SHOP LLC** ) | |
| **t/a PUFF DREAMS** ) | |
| 1829 M Street NW ) | |
| Washington, DC 20036, ) | |
| ) | |
| **HIDDEN GYM LLC** ) | |
| 1508 14th Street NW ) | |
| Washington, DC 20036, ) | |
| ) | |
| **PRIDE SMOKE SHOP LLC** ) | |
| 1502 21ST Street NW ) | |
| Washington, DC 20036, ) | |
| ) | |
| **SKY'S THE LIMIT LLC** ) | |
| 1325 Connecticut Avenue NW ) | |
| Washington, DC 2002 ) | |
| ) | |
| **SMOKEJUMPERS LLC** ) | |
| 1412 14th Street NW, 2nd Floor ) | |
| Washington, DC 20005, ) | |
| ) | |
| **UPNSMOKE II LLC** ) | |
| 1706 R Street NW ) | |
| Washington, DC 20009, ) | |

**UPNSMOKE LLC**                                        )
427 8th Street SE                                      )
Washington, DC 20003                                   )
                                                       )
**STRAWNANA JUICE BAR LLC**                            )
427 8th Street SE                                      )
Washington, DC 20003                                   )
                                                       )
**ELEVATE DC LLC t/a ORBIT SHOP**                      )
921 18th Street NW                                     )
Washington, DC 20037,                                  )
                                                       )
**LISTENVISION LLC t/a LIFTED DC**                     )
2622 Georgia Avenue NW                                 )
Washington, DC 20001                                   )
                                                       )
**JEREMY BEAVER**                                      )
7213 Longwood Drive                                    )
Bethesda, Maryland 20817-2121,                         )
                                                       )
**PROMOCO LLC**                                        )
1813 18th Street NW                                    )
Washington, DC 20009                                   )
                                                       )
**JOSHUA MARTIN**                                      )
43950 Vendome Court                                    )
Ashburn, Virginia 20147                                )
                                                       )
**EMBERS LLC**                                         )
1821 18th Street NW                                    )
Washington, DC 20009,                                  )
                                                       )
**YANA CREATIVES LLC**                                 )
2026 P Street NW                                       )
Washington, DC 20036 ,                                 )
                                                       )
**BIZZ LLC t/a CLOUD 9**                               )
1703 N. Capitol Street NE                              )
Washington, DC 20002,                                  )
                                                       )
**MARYJAYS SOCIAL EQUITY LOBBYING LLC**                )
1810 Florida Avenue NW                                 )
Washington, DC 20009,                                  )
                                                       )
**1723 CONN. AVE. INVESTORS LLC**                      )
1055 Thomas Jefferson Street NW, Suite 69              )

Washington, DC 20007                                                     )
                                                                        )
**SMS FINANCIAL STRATEGIC INVESTMENTS LLC**                              )
3703 E. Shea Blvd., Suite 100                                           )
Phoenix, Arizona 85028-3453                                            )
                                                                        )
**AMGM LLC**                                                            )
9400 Culver Blvd.                                                       )
Culver City, California 90232,                                         )
                                                                        )
**REN SHOA-SHENG**                                                     )
715 Walker Road                                                        )
Great Falls, Virginia 22066,                                          )
                                                                        )
**ANNIE CHEN TRUSTEE**                                                 )
  for 1508 14th Street NW Trust                                        )
101 Jersey Lane                                                        )
Rockville, Maryland 20850-7756                                         )
                                                                        )
**1508 LLC**                                                           )
3520 37th Street NW                                                    )
Washington, DC 20016,                                                 )
                                                                        )
**1502 21ST STREET NW LLC**                                            )
4641 Montgomery Avenue Suite 200                                      )
Bethesda, Maryland 20814-3428,                                        )
                                                                        )
**MONIKA M. ENSEY**                                                    )
1329 Connecticut Avenue NW                                            )
Washington, DC 20036,                                                 )
                                                                        )
**SANG K. RYU**                                                        )
617 Otis Place NW                                                     )
Washington, DC 20011-1701,                                           )
                                                                        )
**PETER G. PAPPAS**                                                    )
**t/a 2602 CONNECTICUT AVENUE JOINT VENTURE**                          )
2331 Calvert Street NW                                                )
Washington, DC 20008,                                                )
                                                                        )
**R ST 1706 LLC**                                                     )
9009 Levelle Drive                                                    )
Chevy Chase, Maryland 20185-5607,                                    )
                                                                        )
**MANSOUR MANSOURKIA TRUSTEE**                                         )
  Under the Mansour Mansourkia Trust                                  )

| | |
|---|---|
| 1919 19TH Street NW, No. 3 | ) |

1919 19TH Street NW, No. 3    )
Washington, DC 20009-1258,    )
    )
**TASHIR J. LEE**    )
1622 New Jersey Avenue NW, Apt # 1    )
Washington, DC 20001-2471    )
    )
**RIZK M. CHAMMA TRUSTEE**    )
**SALWA CHAMMA LIVING TRUST**    )
6273 Williamsburg Blvd.    )
Arlington, Virginia 22207-1152    )
    **)**
**IKE LLC**    )
3710 Massachusetts Avenue NW    **)**
Washington, DC 20016-5812,    )

**YUE RONG DAI**    )
4612 Yates Road    )
Beltsville, Maryland 20705,    )
    )
**1810 FLORIDA AVE LLC**    )
4401 Windom Place NW    )
Washington, DC 20016-2409,    )
    )
**GOLDSTAR BARRACKS ROW LLC**    )
3 Bethesda Metro Center, Suite 507    )
Bethesda, Maryland 20814-6417,    )
    )
                    *Defendants*    )

# COMPLAINT

Plaintiff Alliance of Legal Cannabis Entities-DC, LLC ("ALCE" or "Plaintiff") brings

this action against Defendants Khopkins LLC t/a Chocolate City Wellness ("Chocolate DuPont

Circle Dispensary"), District Hemp Botanicals t/a DHB Ventures ("Hemp DuPont Circle

Dispensary"), Upscale Smoke Shop LLC t/a Puff Dreams ("Puff DuPont Circle Dispensary"),

Hidden Gym LLC ("Gym Logan Circle Dispensary"), Pride Smoke Shop LLC ("Pride DuPont

Circle Dispensary"), Sky's The Limit LLC ("Sky DuPont Circle Dispensary"), Smokejumpers

LLC ("Smokejumpers Logan Circle Dispensary" and "Smokejumpers Woodley Park

Dispensary"), UpNSmoke II, LLC ("UpNSmoke DuPont Circle Dispensary"), UpNSmoke LLC ("UpNSmoke Capitol Hill Dispensary"), Strawnana Juice Bar LLC ("Strawnana Capitol Hill Dispensary"), Elevate DC LLC t/a Orbit Shop ("Orbit DuPont Circle Dispensary"), Listenvision LLC t/a Lifted DC ("Lifted Pleasant Plains Dispensary"), Jeremy Beaver ("Beaver"), Promoco LLC ("Promoco DuPont Circle Dispensary"), Joshua Martin ("Martin"), Embers LLC ("Embers DuPont Circle Dispensary"), Yana's Creatives LLC ("Yana DuPont Circle Dispensary"),  Bizz LLC t/a Cloud 9 ("Cloud Truxton Circle Dispensary"), Maryjays Social Equity Lobbying LLC ("Maryjays DuPont Circle Dispensary"),  1723 Conn. Ave. Investors LLC ("1723 Connecticut Property Owner"), SMS Financial Strategic Investments LL ("Other 1723 Connecticut Property Owner"), AMGM LLC ("1323 Connecticut Property Owner"), Ren Shoa-Sheng ("1829 M Property Owner"), Annie Chen Trustee ("1508 14th Property Owner"), 1508 LLC ("Other 1508 14th Property Owner"), 1502 21st Street NW LLC ("1502 21st Property Owner"), Monika M. Ensey ("1325 Connecticut Property Owner"), Sang K. Ryu ("1412 14th Property Owner"), 2602 Connecticut Avenue Joint Venture ("2602 Connecticut Property Owner"), R St 1706 LLC ("1706 R Property Owner"), Mansour Mansourkia Trustee Under the Mansour Mansourkia Trust ("Other 1706 Property Owner" and "1921 18th Property Owner"), Tashir J. Lee ("2622 Georgia Property Owner"), Rizk M. Chamma Trustee ("1821 18th Property Owner"), Ike LLC ("2025 P Property Owner"), Yue Rong Dai ("1703 N. Capitol Property Owner"), 1810 Florida Ave LLC ("1810 Florida Property Owner"), and Goldstar Barracks Row LLC ("427 8th Property Owner") to recover for damages caused by the negligence, gross negligence, false advertising, and unfair competition of Defendants that allowed illegal cannabis dispensaries to operate in the District of Columbia, promoting the sale of illegal cannabis and violating the provisions of the Lanham Act,

15 U.S.C. §1125(a), and common law in the District of Columbia, against false advertising and unfair competition.  In support of this Complaint, Plaintiff states the following:

**PARTIES**

1.      Plaintiff Alliance of Legal Cannabis Entities-DC, LLC ("ALCE") is an alliance representing the legal cannabis market in the District of Columbia and membership is open to all legal cannabis entities in the District of Columbia who have been operating in the past three years and were licensed by the District of Columbia's Alcohol Beverage and Cannabis Administration ("ABCA") or its predecessor agency, the District of Columbia's Department of Health ("DOH") to cultivate cannabis flower (in a variety of strains, both THC and CBD, and hemp) in the District of Columbia ("cultivators"), to manufacture various cannabis products in the District of Columbia using cannabis flower cultivated in the District of Columbia, *e.g.* pre-rolls, cartridges, concentrates, vapes, edibles, etc. ("manufacturers"), and/or to sell to the public in accordance with the regulatory rules and regulations of ABCA, the legal cannabis flower and other cannabis products cultivated and manufactured in the District of Columbia ("retailers" or "dispensaries"). This legal cannabis market in the District of Columbia has been damaged by the unlicensed and illegal cannabis dispensaries, the property owners who provided the commercial space for them to operate, and other participants materially contributing to the illegal cannabis market.  The legal licensees (cultivators, manufacturers and dispensaries) bearing the brunt of the damage to the legal cannabis market are the oldest licensees, that group of fifteen licensees who received their licenses before January 1, 2024, and were operating for 3 or more years before that.  However, new cannabis licenses are now being issued by ABCA and these new licensees are also being damaged by the illegal cannabis market.  ALCE is open to both original and new licensees.

2.      ALCE is an LLC organized in the District of Columbia with its principal place of business at 1717 Pennsylvania Avenue NW, Suite 1025, Washington, DC 20006.  All members of ALCE were licensed by ABCA (or DOH and subsequently renewed by ABCA) to cultivate/manufacture cannabis flower and other cannabis products in the District of Columbia, and/or to sell legal cannabis at retail in the District of Columbia.  Two such licensees, DC Holistic Wellness Group LLC (with its principal place of business at 4712 Sheriff Road NE, Washington, DC 20019) and Herbal Alternatives II LLC (with its principal place of business at 1710 Rhode Island Avenue NW, Washington, DC 20036), both LLCs organized in the District of Columbia, are the organizing members of ALCE.  Other licensees who have or had cultivation/manufacturing licenses and/or retailer licenses have joined ALCE.  ALCE also remains open for all cannabis licensees to become ALCE members at any time.

3.      Defendant Khopkins LLC t/a Chocolate City Wellness ("Chocolate DuPont Circle Dispensary")  operates an unlicensed and illegal cannabis dispensary in the commercial space at 1723 Connecticut Avenue NW, Washington, DC 20009.  The Chocolate DuPont Dispensary is an LLC organized in Delaware with its principal place of business at 1723 Connecticut Avenue NW, Washington, DC 20009.

4.      Defendant District Hemp Botanicals LLC t/a DHB Ventures ("Hemp DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1323 Connecticut Avenue NW, Washington, DC 20036. The Hemp DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 9 W. Market Street, Leesburg, Virginia 20176.

5.      Defendant Upscale Smoke Shop LLC t/a Puff Dreams  or "Dreams Wellness"("Puff DuPont Circle Dispensary")  operates an unlicensed and illegal cannabis dispensary in the

commercial space at 1829 M Street NW, Washington, DC 20036.  The Puff DuPont Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1829 M Street NW, Washington, DC 20036.

6.      Defendant Hidden Gym LLC ("Gym Logan Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1508 14th Street NW, Washington, DC 20005.  The Gym Logan Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1508 14th Street NW, Washington, DC 20005.

7.      Defendant Pride Smoke Shop LLC ("Pride Dupont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1502 21st Street NW, Washington, DC  20036 where it also sells illegal flavored tobacco products.  The Pride DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1502 21st Street NW, Washington, DC 20036.

8.      Defendant Sky's The Limit LLC (Sky DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1325 Connecticut Avenue NW, Washington, DC 20036 where it also sells illegal flavored tobacco (e-liquid) vapes.   The Sky DuPont Circle Dispensary is an LLC organized in the District of Columbia with its business mailing address at 1717 N Street NW, Washington, DC 20036, and its principal place of business 1325 Connecticut Avenue NW, Washington, DC 20036.

9.      Defendant Smokejumpers LLC operates two unlicensed and illegal cannabis dispensaries in the District of Columbia; one in commercial space at 1412 14th Street NW, 2nd Floor, Washington, DC 20005 ("Smokejumpers Logan Circle Dispensary"), and the other in commercial space at 2602 Connecticut Avenue NW, Washington, DC 20008 ("Smokejumpers

Woodley Park Dispensary"). Smokejumpers LLC is an LLC organized in the District of Columbia with its principal place of business at 1412 14th Street NW, Washington, DC 20005.

10.      Defendant UpNSmoke II LLC ("UpNSmoke DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1706 R Street NW, Washington, DC 20009. The UpNSmoke DuPont Circle Dispensary is an LLC organized in the District of Columbia with a listed (but non-existent) business mailing address at 712 15th Street NW, Washington, DC 20002 and its principal place of business at 1706 R Street NW, Washington, DC 20009.

11.      Defendant UpNSmoke LLC ("UpNSmoke Capitol Hill Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 427 8th Street SE, Washington, DC 20003.  The UpNSmoke Capitol Hill Dispensary is an LLC organized in the District of Columbia with its business mailing address recently changed from its physical location to the address of another affiliated, unlicensed cannabis dispensary at 1706 R Street NW, Washington, DC 20009, but its principal place of business remains at 427 8th Street SE, Washington, DC 20003.

12.      Defendant Strawnana Juice Bar LLC ("Strawnana Capitol Hill Dispensary") operates or operated an unlicensed and illegal cannabis dispensary in the commercial space at 427 8th Street NW, Washington, DC 20003, in conjunction with or as a predecessor to UPNSmoke Capitol Hill Dispensary.  The Strawnana Capitol Hill Dispensary is an LLC organized in the District of Columbia with its principal place of business at 427 8th Street SE, Washington, DC 20003.

13.      Defendant Elevate DC LLC t/a Orbit Shop ("Orbit DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1921 18th Street NW, Washington, DC 20009 within ¼-mile of a middle or high school where the sale of electronic

9

smoking devices are expressly prohibited by DC law.  The Orbit DuPont Circle Dispensary is an LLC organized in the District of Columbia with its business address recently changed to 2622 Georgia Avenue NW, Washington, DC 20001.

14.     Defendant Listenvision LLC t/a Lifted DC ("Lifted Pleasant Plains Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 2622 Georgia Avenue NW, Washington, DC 20001 within ¼-mile of a middle or high school where the sale of electronic smoking devices are expressly prohibited by DC law.  The Lifted Pleasant Plains Dispensary is an LLC organized in the District of Columbia with its principal place of business at 2622 Georgia Avenue NW, Washington, DC 20001.

15.     Defendant Jeremy Beaver ("Beaver") is the managing member of the Listenvision LLC and Elevate DC LLC through which he directs and controls the operations of the Lifted Pleasant Plains Dispensary and the Orbit DuPont Circle Dispensary, two unlicensed and illegal cannabis dispensaries in DC.  Mr. Beaver is a resident of the State of Maryland and resides at 7213 Longwood Drive, Bethesda, Maryland 20817-2121.  Defendant Beaver is included as a Defendant here based on Plaintiff's request to piece the corporate veil between him and Lifted Pleasant Plains Dispensary and Orbit DuPont Circle Dispensary.

16.     Defendant Promoco LLC ("Promoco DuPont Circle Dispensary" and "1813 18th Property Owner") operated an unlicensed and illegal cannabis dispensary in the commercial space at 1813 18th Street NW, Unit #1, Washington, DC 20009, and it also owns this same commercial space. This property is located within ¼-mile of a middle or high school where the sale of electronic smoking devices are expressly prohibited by DC law.  For ease of reference throughout this Complaint, Defendant Promoco LLC will be alternatively referenced as either "Promoco DuPont Circle Dispensary" or "1813 18th Property Owner"  as appropriate, but there is just one LLC.

Promoco LLC is an LLC organized in Virginia with its headquarters business address at 42822 Lowder Terrace, Ashburn, Virginia 20147, and its principal place of business at 1813 18th Street NW, Washington, DC 20009.

17.     Defendant Joshua Martin ("Martin") is the managing member and owner of Defendant Promoco LLC and he directs and controls the operations of the unlicensed and illegal cannabis dispensary at the Promoco DuPont Circle Dispensary.  Mr. Martin is a resident of the Commonwealth of Virginia and he resides at 43950 Vendome Court, Ashburn, Virginia 20147-6909.  Defendant Martin is included here as a defendant based on Plaintiff's request to pierce the corporate veil between the Defendant Promoco DuPont Circle Dispensary and Defendant Martin.

18.     Defendant Embers LLC ("Embers DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1821 18th Street NW, Washington, DC 20009 within ¼-mile of a middle or high school where the sale of electronic smoking devices are expressly prohibited by DC law.  The Embers DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1821 18th Street NW, Washington, DC 20009.

19.     Defendant Yana Creatives LLC ("Yana DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 2026 P Street NW, Washington, DC 20036.  The Yana DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 2026 P Street NW, Washington, DC 20036.

20.     Defendant Bizz LLC t/a Cloud 9 ("Cloud Truxton Circle Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1703 N. Capitol Street NE, Washington, DC 20002 within ¼-mile of a middle or high school where the sale of electronic smoking devices are expressly prohibited by DC law.   The Cloud Truxton Circle Dispensary is

an LLC organized in the District of Columbia with its principal place of business at 1703 N.

capitol Street NE, Washington, Dc 20003.

21.     Defendant Maryjays Social Equity Lobbying LLC ("Maryjays DuPont Circle

Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at

1810 Florida Avenue NW, Washington, DC 20009 within ¼-mile of a middle or high school

where the sale of electronic smoking devices is expressly prohibited by DC law.  The Maryjays

DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal

place of business at 1810 Florida Avenue NW, Wahington, DC 20009.

22.     Defendant 1723 Conn. Ave. Investors LLC ("1723 Connecticut Property Owner")  is the

owner of the commercial property located at 1723 Connecticut Avenue NW, Washington, DC

20009.  The 1723 Connecticut Property Owner is an LLC organized in Delaware with is

principal place of business at 1055 Thomas Jefferson Street NW, Suite 69, Washington, DC

20007.

23.     Defendant SMS Financial Strategic Investments LLC ("Other 1723 Connecticut Property

Owner") purchased the commercial property located at 1723 Connecticut Avenue NW,

Washington, DC 20009 from the 1723 Connecticut Property Owner on or about May 17, 2024.

The Other 1723 Connecticut Property Owner is an LLC organized in the State of Arizona with its

principal place of business at 3707 E. Shea Blvd., Suite 100, Phoenix, Arizona 85028-3453.

24.     Defendant AMGM LLC ("1323 Connecticut Property Owner") is the owner of the

commercial property located at 1323 Connecticut Avenue NW, Washington, DC 20036. The

1323 Connecticut Property Owner  is an LLC organized in the District of Columbia with its

principal place of business at 9400 Culver Blvd., Culver City, California 90232.

25.     Defendant Ren Shoa-Sheng ("1829 M Property Owner") is the owner of the commercial property located at 1829 M Street NW, Washington, DC 20036.  The 1829 M Property Owner resides in Virginia at 715 Walker Road, Great Falls, Virginia 22066.

26.     Defendant Annie Chen Trustee (1508 14th Property Owner") as Trustee under the 1508 14th Street NW Trust controls and is responsible as the owner of the commercial property located at 1508 14th Street NW, Washington, DC 20005. From available property records it appears that the 1508 14th Property Owner purchased this property on or about May 23, 2023 from 1508 LLC, the prior owner of this property.  The 1508 14th Property Owner resides in Maryland at 101 Jersey Lane, Rockville, Maryland 20850-7756.

27.     Defendant 1508 LLC ("Other 1508 14th Property Owner") was the owner of the commercial property located at 1508 14th Street NW, Washington, DC 20005.  The Other 1508 14th Property Owner was an LLC organized in the District of Columbia with its principal place of business at 3520 37th Street NW, Washington, DC 20016. The Other 1508 14th Property Owner sold this property to the 1508 14th Property Owner on or about May 23, 2023, and after that sale the Other 1508 14th Property Owner was dissolved.

28.     Defendant 1502 21st Street NW LLC ("1502 21st Property Owner") is the owner of the commercial property located at 1502 21st Street NW, Washington, DC 20036.  The 1502 21st Property Owner is an LLC organized in the District of Columbia with its principal place of business located at 4641 Montgomery Avenue, Suite 200, Bethesda, Maryland 20814-3428.

29.     Defendant Monica M. Ensey ("1325 Connecticut Property Owner") is the owner of  the commercial property located at 1327 Connecticut Avenue NW, Washington, DC 20036 that includes three addresses:1325 Connecticut Avenue, 1327 Connecticut Avenue, and 1329 Connecticut Avenue.  For purposes of this Complaint, the property is referred to as the 1325

Connecticut property.  The 1325 Connecticut Property Owner lists her principal place of business at 1329 Connecticut Avenue NW, Washington, DC 20036.

30.     Defendant Sang K. Ryu ("1412 14th Property Owner") is the  owner of the commercial property located at 1412 14th Street NW, Washington, DC 20005.  The 1412 14th Property Owner resides in the District of Columbia at 617 Otis Place NW, Washington, DC 20011-1701.

31.     Defendant Peter G. Pappas t/a 2602 Connecticut Avenue Joint Venture ("2602 Connecticut Property Owner") is the owner of the commercial property located at 2331 Calvert Street NW, Washington, DC 20008 which includes multiple mailing addresses including 2602 Connecticut Avenue NW, Washington, DC 20008.  The 2602 Connecticut Property Owner is a resident of the District of Columbia who resides at 4301 Military Road NW, 201, Washington, DC 20015, and his joint venture lists its principal place of business at 7101 Wisconsin Avenue, Suite 700, Bethesda, Maryland 20814-4814.

32.     Defendant R St 1706 LLC ("1706 R Property Owner") is the owner of the commercial property located at 1706 R Street NW, Washington, DC 20009.  From available property records it appears that the 1706 R Property Owner purchased this property on or about February 14, 2024 from Mansour Mansourkia Trustee under the Mansour Mansourkia Trust, the prior owner of the property.  The 1706 Property Owner is an LLC organized in the District of Columbia with its principal place of business at 9009 Levelle Drive, Chevy Chase, Maryland 20815—5607.

33.     Defendant Mansouri Mansourkia Trustee under the Mansour Mansourkia Trust ("Other 1706 R Property Owner") was the previous owner of the commercial property located at 1706 R Street NW, Washington, DC until he sold it to the current 1706 R Property Owner.  The Other Property Owner is a resident of the District of Columbia and resides at 1919 19th Street NW, #3, Washington, DC 20009-1258.

34.     Defendant Mansour Mansourkia Trustee Under the Mansour Mansourkia Trust ("1921 18th Property Owner") is also the owner of another commercial property located at 1921 18th Street NW, Washington, DC 20009.  The 1921 18th Property Owner is a resident of the District of Columbia and resides at 1919 19th Street NW, 3, Washington, DC 20009-1258.

35.     Defendant Tashir J. Lee ("2622 Georgia Property Owner") is the owner of the commercial property located at 2622 Georgia Avenue NW, Washington, DC 20001.  The 2622 Georgia Property Owner is a resident of the District of Columbia and resides at 1622 New Jersey Avenue NW, Apt No. 1, Washington, DC 20001-2471.

36.     Defendant Risk M. Chamma Trustee under the Salwa Chamma Living Trust ("1821 18th Property Owner") is the owner of  commercial property located at 1821 18th Street NW, Washington, DC 20009. The 1821 18th Property Owner is a resident of the Commonwealth of Virginia and resides in Virginia at 6273 Williamsburg Blvd, Arlington, Virginia 22207-1152.

37.     Defendant Ike LLC ("2026 P Property Owner") is the owner of commercial property located at 2026 P Street NW, Washington, DC 20036.  The 2026 P Property Owner is an LLC organized in the District of Columbia with its principal place of business at 3710 Massachusetts Avenue NW, Washington, DC 20016-5812.

38.     Defendant Yue Rong Dai ("1703 N. Capitol Property Owner") is the owner of commercial property located at 1703 N. Capitol Street NE, Washington, DC 20002.  The 1703 N. Capitol Property Owner is a resident of the State of Maryland and resides at 4612 Yates Road, Beltsville, Maryland 20705.

39.      Defendant 1810 Florida Ave LLC ("1810 Florida Property Owner") is the owner of commercial property located at 1810 Florida Avenue NW, Washington, DC 20009.  The 1810

Florida Property Owner is an LLC organized in the District of Columbia with its principal place of business at 4401 Windom Place NW, Washington, DC 20016-2409.

40.    Defendant Goldstar Barracks Row LLC ("427 8th Property Owner") is the owner of commercial property located at 427 8th Street SE, Washington, DC 20003.  The 427 8th Property Owner is an LLC organized in the District of Columbia with its principal place of business at 3 Bethesda Metro Center, Suite 507, Bethesda, Maryland 20814-6417.

## JURISDICTION AND VENUE

41.    This Court has federal question jurisdiction over this case, 28 U.S.C. §1331 and 15 U.S.C. §1121, and supplemental jurisdiction over the state law claims, 28 U.S.C. §1367.

42.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the actionable activities took place in the District of Columbia, the illegal dispensaries operated in the District of Columbia and all commercial properties used by these dispensaries are located in the District of Columbia.

## FACTS

### A.  ALCE

43.    The cultivation of cannabis and the manufacture of cannabis products in the District of Columbia and the sale and distribution of such is governed by the Legalization of Marijuana for Medical Treatment Amendment Act of 2010, as amended, D.C. Code §7-1671.05, *et seq*. and the rules issued by ABCA, D.C. Code §25-204.02 and DCMR Title 22-C. These laws and ABCA rules require that cultivators, manufacturers and retailers of cannabis be licensed by ABCA. D.C. Code §7-1671.06.  The only cannabis flower (including all THC and CBD strains and hemp) and other cannabis products that can be legally sold in the District of Columbia are subject to these laws and regulations.

44.     D.C. Code §7-1671.01(22) states: An "unlicensed establishment" is a sole proprietorship, partnership, or other business entity that:

> (A) Sells, exchanges as part of a commercial transaction, or delivers cannabis and cannabis products;
> (B) Operates at or delivers from a specific location in the District; and
> (C) Is not licensed by ABCA as a cultivation center, retailer, internet retailers, manufacturer, courier or testing laboratory.

45.     D.C. Code §7-1671.08(a) provides that:

> Any person who manufactures, cultivates, posses, administers, dispenses, distributes or uses cannabis, or manufactures, posses, distributes, or uses paraphernalia, in a manner not authorized by this chapter or the rules issued pursuant to §7-1671.13 shall be subject to criminal prosecution and sanction under subchapter I of Chapter 11 of Title 48[§48-1101 *et seq.*].[1]

46.     Unlicensed and illegal cannabis dispensaries in DC often sell illegal flavored tobacco products and illegal "magic" mushrooms (containing psilocybin, a Schedule I Controlled Substance that has a hallucinogenic effect) to increase the mix of "buzz" products offered consumers to gain an unfair competitive over legal cannabis dispensaries that do not sell these products. Additionally, many illegal cannabis dispensaries are located within ¼-mile of a middle or high school where it is illegal to sell any electronic smoking device.

47.     The Flavored Tobacco Prohibition Amendment Act of 2021, §7-1721.01, *et seq.*, makes it illegal to sell flavored tobacco products or electronic smoking devices within ¼-mile of a middle or high school.

> §7-1721.08(a)- No person shall sell, offer for sale, receive for sale, distribute, purchase or facilitate the sale of:
>
> (1) A flavored tobacco product; or

---

[1] The definition of "cannabis" as used throughout DC laws and regulations is defined in Section 102(3) of the DC Controlled Substance Act of 1981, D.C. Code §48-901.02. This definition adopted in the DC Marijuana Legalization Act, D.C. Code §7-1671.01(2A). This definition includes all parts of the plant genus Cannabis which includes THC, CBD and all other cannabinoids. *See also, Korneguy v. United States*, 236 A.3d 414, 420 (D.C. 2020)(noting D.C. Code §48-904.01(a)(1) does not permit an adult to "sell, offer for sale, or make available for sale" cannabis, except pursuant to D.C. Code §7-1671.01 *et seq*. which establishes the licensing procedures under ABCA.)

> (2) An electronic smoking device within one quarter mile of any middle or high school in the District.

48.    D.C. Code §7-1721.01 Definitions:

> (1) "Characterizing flavor" means a distinguishable taste or aroma other than tobacco, including fruit, chocolate, vanilla, candy, dessert, alcoholic beverage, menthol, mint or evergreen.
>
> (1A) "Electronic smoking device" shall have the same meaning as provided in §7-741.01(1).
>
> (1B) "Flavored tobacco product" means any tobacco product or synthetic nicotine product that imparts a characterizing flavor.

49.    The Electronic Cigarette Parity Amendment Act of 2016, D.C. Code §7-741.01

Definitions:

> (1) "Electronic smoking device" means any products, including one composed of a heating element, battery, or electronic circuit, that contains or delivers nicotine or any other substance intended for human consumption that can be used by a person to simulate smoking through inhalation of vapor or aerosol from the product. The term "electronic smoking device" includes any such products, regardless of whether it is manufactured, distributed, marketed, or sold as an e-cigarette, e-cigar, e-pipe, e-hookah, vape pen, or any other product name or descriptor.

50.    The initial cultivation/manufacturing and retailing licenses were issued by the DC Government in 2013, and during the past several years prior to this lawsuit, there had been fifteen licensees who constituted the legal market in the District of Columbia. Several additional cannabis licensees have been authorized by ABCA since April 1, 2024.

51.    In the past several years due to the operation of illegal unlicensed dispensaries selling cannabis products that are illegal in the District of Columbia, the legal, licensed cannabis market lost substantial commercial sales siphoned off by illegal market participants. Some public estimates put the illegal cannabis revenues in the District of Columbia at $600 million plus per year.

52.     Faced with squeezed margins and the loss of substantial commercial sales, several legal licensed cultivators/manufacturers and retailers have been forced to discontinue operations, and all cannabis licensees, who represent the legal cannabis market, have lost revenues to the illegal cannabis market in the District of Columbia.  Illegal dispensaries are competitors with the legal licensees, and those who materially participated in the illegal dispensaries' establishment or by financing, selling or transporting illegal cannabis, or leasing commercial retail space to allow illegal cannabis dispensaries to make retail cannabis sales, are then also competitors with legal licensees.

53.     In recognition of the need for the legal cannabis market to pursue legal action to stop the complete erosion of the legal market and to seek redress for lost commercial sales, several licensed cannabis entities decided to form the ALCE as an open alliance for all legal cannabis licensees who have been harmed over the past several years and continue to be harmed today by illegal dispensaries and other participants who assisted in the establishment and operation of illegal dispensaries engaged in the sale of illegal cannabis and cannabis products.

54.     ALCE is open to all legal cannabis entities (cultivators, manufacturers and retailers) including new legal entities, to become members.[2]  The purpose of ALCE as stated in Section 1.4 of its Operating Agreement:

> The purpose of the Company [ALCE] is to protect and safeguard the legal cannabis market in the District of Columbia as represented by those legal entities who were licensed by the District of Columbia Alcohol Beverage and Cannabis Administration ("ABCA") as operators of cannabis retail facilities (i.e. dispensaries) or cannabis cultivation and manufacturing facilities. To accomplish this purpose, the Company is established to pursue legal action against Persons who have either directly or indirectly participated in illegal activities or aided and abetted illegal operators in the illegal sale, distribution, delivery, promotion, handling, advertising or payment for illegal cannabis or illegal substitutable products or otherwise assisting, promoting or enabling these illegal

---

[2] There are some restrictions with respect to new members who previously operated illegal dispensaries and who are being sued or subject to being sued by ALCE on behalf of its members.

entities to operate and inflict economic harm on individual legal cannabis licensees and/or the legal cannabis market in the District of Columbia. Further, the Company is authorized to engage the services of Persons to represent the Company or to provide investigative or analytical services related to illegal cannabis entities and their operations and Persons providing them with goods and services.

In recognition of the economic harm inflicted on the legal DC cannabis market over the past several years by the illegal cannabis participants and enablers, membership in the ALCE – DC is open to all legal entities licensed by ABCA, who operate or operated legal cannabis facilities.  All Members authorize ALCE - DC to negotiate on behalf of the Members with the Persons involved in or otherwise assisting or enabling the illegal cannabis market in DC so as to contribute to the reduction in illegal sales, removal of illegal products from the market, and to obtain  compensation for the economic harm inflicted on the legal cannabis market and licensed entities generally in DC in the last 3 years and continuing.  All Members authorize ALCE – DC to represent their respective interests in the legal cannabis market in DC in judicial proceedings as part of ALCE – DC seeking damages done to the legal market in DC, and to represent to the Court that ALCE – DC has the same standing as each individual Member would have had if it had separately participated as a plaintiff.

55.     All members of ALCE accept its Operating Agreement and the purpose quoted above.

56.     Since membership in ALCE is permanently open to cannabis licensees in the District of Columbia, ALCE expects additional licensees to join ALCE to help protect the legal cannabis market in the District of Columbia from the harm caused by the illegal cannabis market participants, including the harm they cause by the diversion of commercial sales to the illegal market involving the sale and delivery of illegal cannabis flower and other cannabis products.

57.     ACLE represents its members collectively and has the same standing to sue that its individual members have—all of whom are (were) licensed cultivators, manufacturers and/or retailers, and as a consequence, ALCE has standing to sue the illegal dispensaries in the District of Columbia and those participants, including property owners, who have contributory liability or are otherwise liable for the material assistance they provided the illegal dispensaries in the sale and delivery of illegal cannabis flower and other cannabis or substitutable products.

58.     Since ALCE is suing on behalf of the legal cannabis market in the District of Columbia and its members for the damage done to the legal cannabis market as demonstrated by the revenues and profits of the defendants, the  direct participation here of individual members of ALCE is not necessary.

### B.   1723 Connecticut Property Owner and Other 1723 Connecticut Property Owner – Chocolate DuPont Circle Dispensary

59.     Defendant 1723 Conn. Ave. Investors LLC("1723 Connecticut Property Owner") leased its commercial space to Defendant Khopkins LLC ("Chocolate DuPont Circle Dispensary") who operates an illegal dispensary at that location. The Chocolate DuPont Circle Dispensary had its grand opening at this location on March 2, 2021, and operated here for more than 3 years.  On or about May 17, 2024, the 1723 Connecticut Property Owner sold the property to Defendant SMS Financial Strategic Investments LLC ("Other 1723 Connecticut Property Owner") who has continued leasing to the Chocolate DuPont Circle Dispensary.

60.     The 1723 Connecticut Property Owner intentionally leased its commercial space for the sale of illegal cannabis and cannabis products. The 1723 Connecticut Property Owner was aware that its tenant intended to operate as an illegal cannabis dispensary.  The front storefront window contained an illuminated sign "Smoke Shop" and when open has an A-frame sign announcing what cannabis was on sale.  The display case inside the dispensary displayed some of the illegal cannabis for sale, and photos on the internet showing the inside of the dispensary with the illegal cannabis for sale further confirming the openness of the dispensary's illegal activities. Despite awareness as to the illegal activities, the property owner never required the tenant to obtain a cannabis license from ABCA.  In fact it did not even apply for a general business license until the end of 2022. The 1723 Connecticut Property Owner had pursued the use of its property to serve as an illegal cannabis dispensary.

61.     The 1723 Connecticut Property Owner put the property up for sale in 2023 and the operation of the illegal cannabis dispensary was even more apparent.  However, after more than 3 years of operations, it was not until January 12, 2024, the property owner ever attempted to obtain a Certificate of Occupancy—and even then, it concealed from DC Zoning Office the activity of the tenant claiming it was for a "Retail or Wholesale Store.   It appears that the 1723 Connecticut Property Owner allowed the illegal dispensary to continue to operate all the up to the time the property was sold on May 17, 2024 to the Other 1723 Connecticut Property Owner. After that the Chocolate DuPont Circle Dispensary appears to have entered into a new lease with the Other 1723 Connecticut Property Owner that allowed it to continue using the same commercial space to sell illegal cannabis and operate as an unlicensed, illegal cannabis dispensary.

62.     The Chocolate DuPont Circle Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. It has at all times operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the Chocolate DuPont Dispensary were cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis flower and other cannabis products that it sold were illegal and were obtained from illegal sources.

63.     The 1723 Connecticut Property Owner never investigated or conducted any meaningful due diligence review of the Chocolate DuPont Dispensary (or any of its affiliated entities like Highly Elevated LLC which manufactured cannabis-infused edibles for sale in the dispensary) before entering into a lease because it knew that Chocolate DuPont Circle Dispensary was involved in the sale of illegal cannabis.  The 1723 Connecticut Property Owner never took any other action to determine if the Chocolate DuPont Circle Dispensary had any legitimate (legal)

business purpose; to the contrary, the 1723 Connecticut Property Owner pursued the lessee to use the space to operate an illegal cannabis dispensary.  The Other 1723 Connecticut Property Owner has been as enthusiastic in continuing to lease to an unlicensed, illegal dispensary and to allow the dispensary to promote the sale of illegal cannabis from the property.

64.     The Chocolate DuPont Circle Dispensary extensively advertised in interstate commerce through its use of social media (Reddit, Instagram(@chocolatecitywellness), the internet (Foursquare.com, Chocolatecity.za, Cylex, Wedcfinest.com, etc.), internet weed guides and its own website (www.chocolatecitysmokeshop.com).  It used the internet to falsely promote and advertise itself as a legal dispensary and to misrepresent the nature, characteristics, qualities, and legality of the cannabis it sells to confuse or deceive consumers.

65.     The Chocolate DuPont Circle Dispensary's website offered a menu of illegible cannabis for sale, including flower, pre-rolls, edibles, infused-drinks, candies and bars. Many of the cannabis edibles sold at the dispensary were manufactured by its affiliated Highly Elevated LLC. Additionally, on its website, the dispensary offered to sell "Membership" to customers entitling them to discounts on cannabis.

66.     Its website and inside the dispensary the Chocolate DuPont Circle Dispensary misrepresented that it was a legal licensed dispensary and further misrepresents the origin of the cannabis products sold at its dispensary to deceive consumers and gain an unfair competitive advantage.

67.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Chocolate DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

23

68.     On January 25, 2024, Plaintiff investigated the Chocolate DuPont Circle  Dispensary and observed the display and sale of illegal cannabis. There  were multiple options for THC and CBD candies and chocolates, gummies, pretzels, popcorn, snack bars, CBD soaps and lotions. Sales receipts appear to be rung up under the name of its affiliate, Highly Elevated LLC.

69.     On August 16, 2024, Plaintiff again investigated the Chocolate DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

70.     The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Chocolate DuPont Circle Dispensary.  The 1723 Connecticut Property Owner and the Other 1723 Connecticut Property Owner materially contributed to the Chocolate DuPont Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers. Without the material participation of the two 1723 Connecticut  Property Owners in leasing their commercial space to the Chocolate DuPont Circle Dispensary the illegal cannabis sales by Chocolate DuPont Circle Dispensary would not have been made.

**C.  1323 Connecticut Property Owner – Hemp DuPont Circle Dispensary**

71.     Defendant AMGM LLC ("1323 Connecticut Property Owner") leased commercial space to Defendant District Hemp Botanicals LLC t/a DHB Ventures ("Hemp DuPont Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary on the second floor at that location. The Hemp DuPont Circle Dispensary shares the entire upper floor with a yoga studio operated by EDH LLC.  Signage on this floor and outside at street level in terms of A-frame signs made clear the presence on the second floor of an illegal cannabis dispensary. The A-frame sign on the sidewalk announces that the dispensary sells both CDB and THC products and offers "free samples".

72.     The 1323 Connecticut Property Owner intentionally leases its commercial space for the sale of illegal cannabis.  It appears that at least as far back as June 1, 2019, the 1323 Connecticut Property Owner was leasing commercial space for the illegal sale of cannabis and cannabis products which is the effective date of the General Business License (400319804280) granted to the Hemp DuPont Circle Dispensary.

73.     The Hemp DuPont Circle Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. It has at all times operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by this dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia or otherwise authorized by ABCA; consequently all hemp-derived cannabis and cannabis products that it sold was illegal and was sourced from unlicensed and illegal cannabis suppliers.

74.     The 1323 Connecticut Property Owner never investigated or conducted any meaningful due diligence review of the Hemp DuPont Circle Dispensary before entering into a lease (or approving a sublease) because it knew that this dispensary was involved in the sale of unauthorized hemp-derived cannabis.  The wall shelves in the dispensary display a variety of hemp-derived cannabis, including high THC-A at 20% plus products, and numerous photos of the inside of the dispensary and its cannabis for sale are posted online.  The 1323 Connecticut Property Owner never took any other action to determine if the Hemp DuPont Dispensary had any legitimate (legal) business purpose.

75.     The Hemp DuPont Circle Dispensary extensively advertises in interstate commerce through its use of social media and the internet (TripAdvisor.com, Coupoy.com, Smokepedia.com, etc.), paid weed guide sites (Yelp and Toker's Guide) and its website

(www.dhbotanicals.com) to misrepresent the nature, characteristics, qualities, legality and origin of the cannabis it sells and its own legal status to confuse or deceive consumers.

76.     The Hemp DuPont Circle Dispensary's website contains a menu with a long list of hemp-derived cannabis (weed flower, pre-rolls, cartridges, edibles, concentrates, and vapes) and the packaging further persists in the representation of both the dispensary and its products being legal in the District of Columbia by labeling its products as "Legal Hemp Product".

77.     Legally authorized cannabis dispensaries in DC are prohibited from carrying and selling the cannabis products sold by the Hemp DuPont Circle Dispensary because none of these products are cultivated and manufactured in the District of Columbia.  The Hemp DuPont Circle Dispensary ignores DC laws, misrepresents the origins of these products by presenting itself as a legal dispensary authorized in DC to sell the cannabis products in its store.

> Our comprehensive inventory features a diverse range of hemp-derived CBD products, including tinctures, topicals, edibles, drinks, teas, vape pens, capsules and more.

78.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Hemp DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

79.     On January 27, 2024, Plaintiff's representative visited the Hemp DuPont Circle Dispensary and observed the display and sale of illegal cannabis.  And, again on March 3, 2024, Plaintiff investigated the Hemp DuPont Circle Dispensary and observed the display and sale of illegal cannabis.  The dispensary's sales associate misrepresented that all cannabis products in the store, including its flower, was legal in DC.  This same employee later stated that the dispensary was "fully legal" and all its products were tested for safety and quality.

80.    On May 23, 2024, ABCA sent a letter to the Hemp DuPont Circle Dispensary warning ,
*inter alia*, that its supervisory investigator had observed the illegal selling of cannabis or
knowingly engaging in the purchase, sale, exchange, or delivery of cannabis at that location in
violation of DC Code §1671.08(f). This warning letter also emphasized "that the District law
contains no exceptions for products categorized as hemp or hemp-derived under federal law and
such products qualify as cannabis under District laws."

81.    And, as further advised in the warning letter, participants in the illegal cannabis market
are at risk of lawsuit such as this one.  "Please further note that the issuance of this warning letter
does not protect you from prosecution by other federal and District law enforcement agencies or
from any lawsuits that may be filed by private actors against you."

82.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost
commercial sales that were instead made by Hemp DuPont Circle Dispensary.  The 1323
Connecticut Property Owner materially contributed to the Hemp DuPont Circle Dispensary's
deception of consumers regarding its own legal status as well as the legal status under DC law of
the cannabis it is selling consumers.  Without the material participation of the 1323 Connecticut
Property Owner in leasing its commercial space to the Hemp DuPont Circle Dispensary the
illegal cannabis sales by Hemp DuPont Circle Dispensary would not have been made.

### D.   1829 M Property Owner – Puff DuPont Circle Dispensary

83.    Defendant Ren Shoa-Sheng ("1829 M Property Owner") leases its commercial space to
Upscale Smoke Shop LLC t/a Puff Dreams ("Puff DuPont Circle Dispensary") who  operates an
unlicensed and illegal cannabis dispensary at that location.

84.    The 1829 M Property Owner intentionally leased its commercial space for the sale of
illegal cannabis.  A Certificate of Occupancy for "retail use" was issued on July 15, 2021 for the

space lease to Puff DuPont Circle Dispensary and the dispensary obtained a general business license (400322800888) on November 1, 2021.  Both the property owner and the illegal dispensary concealed from the DC Zoning Office their intent to allow illegal sales of cannabis.

85.     The Puff DuPont Circle Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by this dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location was illegal under the laws of the District of Columbia and obtained from illegal sources.

86.     The 1829 M Property Owner never investigated or conducted any meaningful due diligence review of the Puff DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was not licensed and would be involved in the sale of illegal cannabis. The 1829 M Property Owner never took any other action to determine if the Puffs DuPont Circle Dispensary had any legitimate (legal) business purpose.

87.     The Puffs DuPont Circle Dispensary advertises in interstate commerce through its extensive use of social media (Reddit, Tik Tok (Dream Wellness DC), Instagram(@dreamwellness), Facebook (Dreams Wellness)), multiple paid internet guides to illegal cannabis shops (Leafy, Yelp, Wheresmagicmushrooms.com, Mrweednearme.com, Cannapages.com, Heresweed.com), the numerous internet postings and ads (Google, MapQuest, Parkbench.com, Trueen.com, Timeout.com) and its own website (www.dreamwellnessdc.com) . On its website and through the numerous internet postings the Puffs DuPont Circle Dispensary misrepresented its legal status and the nature, characteristics, quality, origin and legality of the cannabis it sells in order to confuse or deceive consumers.

28

88.    On its website it lists many cannabis and magic mushroom products—all illegal—

flowers, pre-rolls, vapes, mushrooms, edibles and concentrates.  All are shown with detailed

descriptions, photos and posted prices.

> Dream Wellness is the top choice in the DMV when it comes to weed
> dispensaries.  We are dedicated to offering only the best marijuana
> products sourced from trusted growers to ensure high quality.  At Dream
> Wellness, you can find a wide range of products, including premium
> cannabis flower, edibles, gummies, CBD, pre-rolls, topicals, concentrates
> and vape accessories.

89.    The Puff DuPont Circle Dispensary also states on its website that it makes deliveries of

the illegal cannabis products throughout DC, Maryland and Virginia in interstate commerce

although legal dispensaries in DC are prohibited from deliveries outside of DC.  The dispensary

misrepresents its legal status by falsely claiming to be "Initiative 71 complaint" and falsely

advertises and promotes itself in interstate commerce as a legal cannabis dispensary.

> Dream Wellness is a premium Cannabis, Weed and CBD Gift Store
> that is Initiative 71 complaint located in Washington DC.  We have
> products that are dedicated to bringing you elevated calmness,
> relaxation and relief for dealings with anxiety, depression,
> post-traumatic stress disorder and much more.  Visit us in store
> to experience what we have to offer at Dreams Wellness.

90.    In the blogs on its website, Puff DuPont Circle Dispensary explains how it "gets around

the Law" prohibiting the sale of cannabis by unlicensed entities by claiming to "gift" it in

conjunction with a pretend sale of some other item of nominal value.

> What's Cannabis Gifting in DC?  Cannabis Gifting in DC is when
> someone 21 or older gives cannabis as a "gift".  This started with
> Initiative 71.  Since selling cannabis is still illegal, dispensaries
> often give cannabis as a gift with other purchases, like merchandise
> to get around the law.

91.    DC's 2014 Initiative-71 was a voter-approved ballot initiative in the District of Columbia

that legalized recreational use of cannabis and made it legal for a person  21 and older to possess

up to 2 ounces and allowed personal cultivation of up to six plants per house or dwelling unit.  It did not authorize the sale or transfer for remuneration of cannabis, nor did it allow for the commercial cultivation of or manufacture of cannabis products.  The DC Government has repeatedly emphasized that commercial "gifting" is the transfer for remuneration and is illegal.  Furthermore, it is not just the retail transaction that is illegal, but the cannabis being sold in this situation is also illegal  sourced from unknown and unlicensed cultivators and manufacturers from other states and foreign countries.

92.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Puffs DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

93.     On January 25, 2024, Plaintiff investigated the Puff DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

94.     On August 20, 2024, Plaintiff again investigated the Puff DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

95.     The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Puff DuPont Circle Dispensary.  The 1829 M Property Owner materially contributed to the Puff DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1829 M Property Owner in leasing its commercial space to the Puff DuPont Circle Dispensary the illegal cannabis sales by Puff DuPont Circle Dispensary would not have been made.

**E.  1508 14th Property Owner and Other 1508 14th Property Owner – Hidden Logan Circle Dispensary**

96.     Defendant Annie Chen Trustee for the 1508 14th Street NW Trust ("1508 14th Property Owner") leases its commercial space to Defendant Hidden Gym LLC ("Hidden Logan Circle Dispensary")  who operates an unlicensed and illegal cannabis dispensary at that location. Defendant 1508 LLC ("Other 1508 14th Property Owner") was the previous owner of this commercial property  and prior to selling the property on or about May 25, 2023, had initiated the lease of  the same commercial space to Hidden Logan Circle Dispensary.  These two property owners share liability for the damage caused to the legal cannabis market and ALCE during the term of their lease to the Hidden Logan Circle Dispensary.

97.     The Other 1508 14th Property Owner had intentionally leased its commercial space for the sale of illegal cannabis.  The Other 1508 14th Property Owner leased this commercial space to the Hidden Logan Circle Dispensary since at least May 1, 2021, the date the dispensary obtained a general business license at this location (4003721001896).  The dispensary was a newly formed LLC (registered February 24, 2021) and it apparently had no specific experience beyond familiarity with the illegal cannabis market. The Other 1508 14th Property Owner was motivated to lease this space for an illegal dispensary in order to obtain higher lease rates and that it was fully aware that the intended activity was illegal and it knew the consequences of its actions.

98.     When purchasing the property on or before May 23, 2023, the 1508 14th Property Owner had the opportunity to examine the use of the property by the Hidden Logan Circle Dispensary and accepted its presence and continued the lease for the operation of an unlicensed and illegal cannabis dispensary.

99.     The Hidden Logan Circle Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. At all times that the Hidden Logan Circle Dispensary was a lessee here,

it operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by this dispensary was  cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was unauthorized and illegal since it was obtained from unknown illegal sources in other states and foreign countries.

100.    The inside of the Hidden Logan Circle Dispensary displays marijuana paraphernalia and cannabis and it is apparent that its only purpose was to sell cannabis.  The wall shelves are styled as gym lockers but there are no gym or exercise equipment for sale and to anyone looking it is apparent that it is selling cannabis, as confirmed by the internet posting of the photos of the inside of the dispensary.

101.    The Other 1508 14th Property Owner never investigated or conducted any meaningful due diligence review of the Hidden Logan Circle Dispensary before entering into a lease because it knew that this dispensary was going to be involved in the sale of illegal cannabis.  The Other 1508 14th Property Owner never took any other action to determine if the Hidden Logan Circle Dispensary had any legitimate (legal) business purpose, nor did the 1508 14th Property Owner.

102.    The Hidden Logan Circle Dispensary advertises in interstate commerce through its use of social media (Instagram(@thehiddengym), Tik Tok (Hidden Gym in Washington DC), YouTube (HiddenGymDC), Facebook (HiddenGYMDC), X(@hiddengymdc)), internet postings and ads, weed guides (TripAdvisor, GentlemanToker.com, Medium.com, MapQuest, Remotehub.com, Soundcloud.com), and the use of its own website (www.hiddengymdc.com) to falsely promotes itself as legal and to misrepresent the nature, characteristics, qualities, origin, and legality of the cannabis it sells to confuse or deceive consumers.  Also, it advertised on its own and many other websites as being I-71 Complaint as another attempt to misrepresent its legal status

103.    The Hidden Logan Circle Dispensary also misrepresents that it is legal to "gift" cannabis

to customers and transform an unauthorized illegal transaction in DC into a legal one.   It cannot.

The Hidden Logan Circle Dispensary's claim to be I-71 complaint is summarized on its website:

> How to Order Weed In DC
> Any weed [legal] dispensary in DC will require you to have a MMC
> in order to buy weed in DC.  Bu as an i71 Complaint Gift Shop in DC,
> Hidden Gym provides an easy and discrete shopping experience for
> both DC residents & tourists (No Medical Card Needed).  Enjoy in-store
> shopping or skip the line & order online!  Please bring your 21+ state
> issued ID (cash only).

104.    The Hidden Logan Circle Dispensary's website describes its cannabis (flower,

concentrates, cartridges, "designer brands", edibles, pre-rolls and magic mushrooms)and

provides photos and posted prices for each product. Online ordering is available.

105.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed

dispensaries (like Hidden Logan Circle Dispensary) as premium, legal products to gain an unfair

competitive advantage over licensed dispensaries.

106.    On January 31, 2024, Plaintiff's representative visited the Hidden Logan Circle

Dispensary and observed the display and offer to sell of cannabis products in the dispensary.

107.    On August 20, 2024, Plaintiff again investigated the Hidden Logan Circle Dispensary and

observed the display and sale of illegal cannabis.

108.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost

commercial sales that were instead made by Hidden Logan Circle Dispensary.  The 1504 14th

Property Owner and the Other 1508 14th Property Owner materially contributed to the Hidden

Logan Circle Dispensary's deception of consumers regarding its own legal status as well as the

legal status under DC law of the cannabis it is selling consumers.  Without the material

participation of the two 1504 14th Property Owners in leasing their commercial space to the

Hidden Logan Circle Dispensary, the illegal cannabis sales by Hidden Logan Circle Dispensary would not have been made.

### F.  1502 21st Property Owner – Pride DuPont Circle Dispensary

109.    Defendant 1502 21st Street NW LLC ("1502 21st Property Owner") leases its commercial space to Defendant Pride Smoke Shop LLC ("Pride DuPont Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location where it also sells illegal flavored tobacco products.

110.    The 1502 21st Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  The Pride DuPont Circle Dispensary organized as an LLC at this address on July 22, 2020, operated there several years before it was issued a general business license (400321000227) on October 1, 2022. The 1502 21st Property Owner  was motivated to lease this space to the Pride DuPont Circle Dispensary to operate as an unlicensed and illegal dispensary in order to obtain higher lease rates and it was fully aware that the intended activity was illegal and it knew the consequences of its actions.  The 1502 21st Property Owner sought to conceal from the government authorities the use of the premises by the dispensary by claiming the space was to be used as a retail variety store in the Certificate of Occupancy (CO2100223) issued October 29, 2020.  Then, in another Certificate of Occupancy (CO2302416) issued June 9, 2023, it continued its ruse by claiming the space would be used for a retail tobacco shop.

111.    The Pride DuPont Circle Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA.  At all times it operated as an unlicensed and illegal dispensary selling illegal cannabis. None of the cannabis sold by Pride DuPont Circle Dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently

all cannabis that sold from this location was unauthorized in the District of Columbia and illegal and obtained from unauthorized and illegal sources.

112.     The 1502 21st Property Owner never investigated or conducted any meaningful due diligence review of the Pride DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis.  The 1502 21st Property Owner never took any other action to determine if the Pride DuPont Circle Dispensary had any legitimate (legal) business purpose.

113.     During the day there is an 8-foot tall banner waving in front of the  Pride DuPont Circle Dispensary with the wording "Delta 8 THC Sold Here".  At night there are illuminated signs indicating that it was a cannabis shop with a marijuana plant sign. It was intentionally obvious that this was a cannabis shop.

114.     The  Pride DuPont Circle Dispensary advertised in interstate commerce through the use of social media (Instagram (@pridesmokeshopdc), paid guides to illegal cannabis dispensaries (Yelp), internet search ads (Google) and other internet ads (MapQuest, Cannapages.com, Roadtrippers.com, Meganug.com, Foursquare.com) and its own website (www.pridesmokeshop.com) to misrepresent the nature, characteristics, qualities, origin and legality of the cannabis it sells to confuse or deceive consumers.

115.     The Pride DuPont Circle Dispensary misrepresent itself to be a "Gift Shop" and "i-71" Compliant to confuse or deceive consumers that it operates as a legal dispensary in D. There is no such thing as a commercial retailer in the District of Columbia being "i71 compliant". Initiative 71 did not establish a some separate standard and the DC Government has repeatedly indicated that commercial "gifting" as practiced by dispensaries like Pride DuPont Circle Dispensary are illegal, and not to lose sight of the related problem, the cannabis sold by the Pride

DuPont Circle Dispensary is illegal. These products come from other states or foreign countries and are not subject to any lab testing or quality controls.

116. Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Pride DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Pride DuPont Circle Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

117. On March 3, 2024, Plaintiff investigated the Pride DuPont Circle Dispensary and observed the display and sale of illegal cannabis, including vapes, concentrates, cartridges, and candies.

118. On August 20, 2024, Plaintiff again investigated the Pride DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

119. The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Pride DuPont Circle Dispensary. The 1520 21st Property Owner materially contributed to the Pride DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers. Without the material participation of the 1520 21st Property Owner in leasing its commercial space to the Pride DuPont Circle Dispensary the illegal cannabis sales by Pride DuPont Circle Dispensary would not have been made.

### G. 1325 Connecticut Property Owner – Sky DuPont Circle Dispensary

120. Defendant Monika M. Ensey ("1325 Connecticut Property Owner") leases her commercial space to Defendant Sky's The Limit LLC ("Sky DuPont Circle Dispensary") who

operates an unlicensed and illegal cannabis dispensary at that location and also sells illegal (e-liquid nicotine) vapes.

121.    The 1325 Connecticut Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  The facts indicate the Sky DuPont Circle Dispensary was registered as an LLC in the District of Columbia on April 30, 2021, but it is unclear when Sky DuPont Circle Dispensary began its lease at the property; however, the 1325 Connecticut Property Owner was motivated to lease this space to it based on the knowledge that it would be operating an unlicensed cannabis dispensary. The 1325 Connecticut Property Owner assumed this risk.

122.    The Sky DuPont Circle Dispensary has never had a cannabis retailer license issued by ABCA.  At all times it operated as illegal dispensary selling illegal cannabis. None of the cannabis it sold was  cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products sold from this location was illegal and obtained from illegal sources.

123.    The 1325 Connecticut Property Owners never investigated or conducted any meaningful due diligence review of the Sky DuPont Circle Dispensary before entering into a lease because it knew that the Sky DuPont Circle Dispensary was involved in the sale of illegal cannabis. Anyone walking by the dispensary could immediately observe that this is cannabis shop.  The storefront window  is the image of a cloud of smoke with the bold lettering "SMOKE SHOP".  Also, the online posting of photos of the inside of the dispensary clearly showed the illegal cannabis and flavored tobacco (Breast's vapes) for sale.  The 1325 Connecticut Property Owners never took any other action to determine if the Sky DuPont Circle Dispensary had any legitimate (legal) business purpose.

124.    The Sky DuPont Circle Dispensary promotes itself and advertises in interstate commerce through the use of numerous internet postings and ads ( Google, Instagram (@skyisthelimit1000), Bizlistusa.com, 420bambam.com, Foursquare.com, etc.), and its own website (www.skyisthelimitdc.com) to misrepresent the nature, characteristics, qualities, origin and legality of the cannabis it sells to confuse or deceive consumers.

125.    The Sky DuPont Circle Dispensary uses its website to advertise and falsely promote itself and its products as legal to confuse or deceive consumers.  On its website Sky DuPont Circle Dispensary presents a description of premium CBD and vapes offered for sale either in the store or delivered.

> We offer a variety of high quality cannabis strains that are Initiative 71 Complaint.  If you need delivery in DC give us a call and we can come to you.

126.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Sky DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Sky DuPont Circle Dispensary adds significantly to the deception of consumers by also selling in the same shop a selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

127.    On January 20, 2024, Plaintiff investigated the Sky DuPont Circle Dispensary observed display and sale of illegal cannabis.

128.    On August 20, 2024, Plaintiff again investigated the Sky DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

129.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Sky DuPont Circle Dispensary.  The 1325 Connecticut Property Owner materially contributed to the Sky DuPont Circle Dispensary's

deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1325 Connecticut Property Owner in leasing its commercial space to the Sky DuPont Circle Dispensary the illegal cannabis sales by Sky DuPont Circle Dispensary would not have been made.

### H.  1412 14th Property Owner – Smokejumpers Logan Circle Dispensary

130.    Defendant Sang K. Ryu ("1412 14th Property Owner") leases its commercial space to Defendant Smokejumpers LLC ("Smokejumpers Logan Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location.

131.    The 1412 14th Property Owner has intentionally leased its commercial space for the sale of illegal cannabis.  The Smokejumpers Logan Circle Dispensary registered as an LLC in DC on February 23, 2021, and Plaintiff assumes on or about that date is when the 1412 14th Property Owner first leased to the Smokejumpers Logan Circle Dispensary.  Outside the dispensary is the A-frame sign promoting "DMV Gifting Smoke Shop And Delivery Service".  Inside the dispensary it is apparent that only cannabis is sold here. The 1412 14th Property Owner's was motivated to sign a lease with the dispensary to obtain  higher lease rates for the risks of leasing to an illegal dispensary.

132.    The Smokejumpers Logan Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary were  cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location were illegal and obtained from unknown illegal sources in other states or foreign countries.

133.    The 1412 14th Property Owner never investigated or conducted any meaningful due diligence review of the Smokejumpers Logan Circle Dispensary before entering into a lease

because it knew that this dispensary was involved in the sale of illegal cannabis.  The 1412 14th Property Owner never took any other action to determine if the Smokejumpers Logan Circle Dispensary had any legitimate (legal) business purpose.

134.    The Smokejumpers Logan Circle Dispensary promotes itself and advertises in interstate commerce through its use of social media (Tik Tok (Smoke Jumpers DC), X (@smokejumpersdc), Instagram(@smokejumpersdc), various paid guide sites to illegal dispensaries (Yelp and Toker's Guide), internet search (Google, Waze.com, Mvemnt.com) and the use of its website (www.smokejumpersdc.com) to misrepresent its own legal status and the nature, characteristics, qualities, origin and legality of the cannabis it sells to confuse and deceive consumers.

135.    The Smokejumpers Logan Circle Dispensary's website claims: "We provide CBD & Gifted THC same-day delivery service." Its website breaks down its cannabis into categories (Flower, Mushrooms, Gummies, Pre-rolls, Vapes, Concentrates and Edibles) and then allows a customer to choose the Smokejumpers' location (there are two) to choose from since there may be some variation in the products at the different stores.  All the products listed online are falsely presented as products legally authorized to be sold in DC by the Smokejumpers Logan Circle Dispensary.

136.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Smokejumpers Logan Circle) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

137.    On February 7, 2024, Plaintiff investigated the Smokejumpers Logan Circle Dispensary and observed the display and sale of illegal cannabis and magic mushrooms.

138.    On August 21, 2024, Plaintiff again investigated the Smokejumpers Logan Circle Dispensary and observed the display and sale of illegal cannabis.

139.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Smokejumpers Logan Circle Dispensary.  The 1412 14th Property Owner materially contributed to the Smokejumpers Logan Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1412 14th Property Owner in leasing its commercial space to the Smokejumpers Logan Circle Dispensary the illegal cannabis sales by Smokejumpers Logan Circle Dispensary would not have been made.

## I.    2602 Connecticut Property Owner – Smokejumpers Woodley Park Dispensary

140.    Defendant 2602 Connecticut Avenue Joint Venture ("2602 Connecticut Property Owner") leases its commercial space to Defendant Smokejumpers LLC ("Smokejumpers Woodley Park Dispensary") who operates a second unlicensed, illegal cannabis dispensary at that location.

141.    The 2602 Connecticut Property Owner has intentionally leased its commercial space for the sale of illegal cannabis.  The date when Smokejumpers Woodley Park Dispensary first began operating at this location is unclear because it never applied for even a general business license and the property owner failed to file for any type of Certificate of Occupancy covering the space leased to the dispensary. The 2602 Connecticut Property Owner and the Smokejumpers Woodley Park Dispensary sought to conceal the nature of the business being conducted at this location from the DC Zoning Office. The 2602 Connecticut Property Owner was motivated to lease this space for an illegal dispensary in order to obtain higher lease rates was fully aware that the intended activity was illegal and were aware of  the consequences of its actions.

41

142.    The Smokejumpers Woodley Park Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an unauthorized, unlicensed illegal dispensary selling illegal cannabis and cannabis products. None of the cannabis sold by the dispensary was authorized by ABCA and was not cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

143.    The 2602 Connecticut Property Owner never investigated or conducted any meaningful due diligence review of the Smokejumpers Woodley Park Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis.  The 2602 Connecticut Owner never took any other action to determine if the Smokejumpers Woodley Park Dispensary had any legitimate (legal) business purpose.

144.    The Smokejumpers Woodley Park Dispensary advertises and promotes itself in interstate commerce through its use of social media and internet postings and ads, including internet accounts it shares with its affiliated dispensary, Smokejumpers Logan Circle Dispensary, i.e. Yelp, Toker's Guide, X, Tik Tok, Instagram, MapQuest, Google and Waze.com, and their website (www.smokejumpersdc.com).  The purpose of the internet postings and ads is to misrepresent the characteristics, nature, qualities, origin and legality of the cannabis it sells to confuse or deceive consumers.

145.    The various cannabis and cannabis products listed on the menu of items listed on its website as available for sale at the Smokejumpers Woodley Park Dispensary (Flower, Mushrooms, Gummies, Pre-rolls, Vapes, Concentrates and Edibles) are falsely presented as authorized and legal for sale and purchase in DC.  All the products on the menu are available for

online ordering, pick-up and delivery.  The dispensary misrepresents itself as a legal dispensary selling legal products in DC to gain an unfair competitive advantage.

> We are committed to promoting the safe and responsible use of health and wellness and to be a valuable member of the community.  We also believe in providing our customers with knowledge and guidance through selecting the most diverse range of high quality products for your use.

146.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Smokejumpers Woodley Park) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

147.    On January 25, 2024, Plaintiff's representative visited the Smokejumpers Woodley Park Dispensary and confirmed that the dispensary is selling unauthorized and illegal cannabis and cannabis products, including THC flower, THC candies, THC gummies, THC cookies which are displayed in the dispensary.

148.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Smokejumpers Woodley Park Dispensary.  The 2602 Connecticut Property Owner materially contributed to the Smokejumpers Woodley Park Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 2602 Connecticut Property Owner in leasing its commercial space to the Smokejumpers Woodley Park Dispensary the illegal cannabis sales by Smokejumpers Woodley Park Dispensary would not have been made.

### J.  1706 R Property Owner and Other 1706 R Property Owner – UpNSmoke DuPont Circle Dispensary

149.    Defendant R St 1706 LLC ("1706 R Property Owner") leases its commercial space to Defendant UpNSmoke II LLC ("UpNSmoke DuPont Circle Dispensary") who operates an

unlicensed and illegal cannabis dispensary at that location.  This property is less than 90 feet from the children's playground of the Ross Elementary School.  The 1706 Property Owner purchased this property on or about February 14, 2024 from the previous owner, Mansour Mansourkia Trustee under the Mansour Mansourkia Trust ("Other 1706 R Property Owner") who prior to the sale of this property initiated the lease of the commercial space to the UpNSmoke DuPont Circle Dispensary.

150.    The Other 1706 R Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  It is unclear as to when the UpNSmoke DuPont Dispensary began operation at this location since the Other 1706 R Property Owner did not file for a Certificate of Occupancy, but it would appear to be on or about November 18, 2021 when the UpNSmoke DuPont Circle Dispensary was organized using this address. The property owner was motivated to lease this space for an illegal dispensary in order to obtain higher lease rates and possibly some share of the revenues and was fully aware that the intended activity was illegal and were aware of  the consequences of its actions.

151.    When the property was put up for sale, photos of the cannabis dispensary were clearly displayed.  In addition, the front of the building has multiple large signs declaring the presence of the UpNSmoke dispensary---over the second floor window, on the second floor window and over the transom of the front entry.  Any check of the internet would confirm that UpNSmoke DuPont Circle was operating an unlicensed, illegal cannabis dispensary.

152.    After the sale of the property to the 1706 R Property Owner, the UpNSmoke DuPont Circle Dispensary continued or resumed its unlicensed and illegal operation of a cannabis dispensary at this location.

153.    The UpNSmoke DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis and cannabis products. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

154.    Neither the Other 1706 R Property Owner nor the 1706 R Property Owner ever investigated or conducted any meaningful due diligence review of the UpNSmoke DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis.  The primary purpose of the dispensary is to sell cannabis illegally and the 1706 R Property Owner and the Other 1706 R Property Owner understood this and never took any other action to determine if the dispensary any legitimate (legal) business purpose.

155.    The UpNSmoke DuPont Circle Dispensary falsely promotes itself and advertises in interstate commerce through its use of social media (Reddit), using various internet postings and ads, including paid guides to illegal dispensaries (Toker's Guide, Leafy and Yelp, Google, MapQuest, Showmelocal.com, Bizapedia.com, etc.), and its own website (www.upnsmokellc.com).  These internet postings and ads misrepresent the dispensary's legal status, and the nature, characteristics, qualities, origin and legality of the cannabis sold by the dispensary in order to confuse or deceive consumers.

156.    UpNSmoke operates five (5) unlicensed and illegal  cannabis dispensaries in the District of Columbia, including the UpNSmoke DuPont Circle Dispensary.  All five illegal dispensaries are listed on its website with separate menus of illegal cannabis for sale at each one. This menu

reflects a broad range of flower, vapes, concentrates , cartridges and edibles for sale as if all were authorized and legal for sale under DC law.

> If you're looking for the best cannabis dispensary store in Washington, DC No further than our premier dispensary!  We offer a wide range of high-quality cannabis products, including strains, edibles, concentrates and accessories from the most reputable and trusted brands in the industry.

157.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like UpNSmoke DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

158.    The UpNSmoke DuPont Circle Dispensary seeks to divert commercial sales from the legal cannabis by its false claims it is it is legal and the products it sells are legal. Furthermore, it offers an "Rewards" system as a further indication that it is a legitimate dispensary operating within the parameters of DC laws.

> Our reward system is designed to provide our customers with access to the latest deals and discounts while offering a range of benefits that made it easy and convenient to shop with us.

159.    On January 30, 2024, Plaintiff investigated the UpNSmoke DuPont Circle Dispensary and observed the display and sale of illegal cannabis.  The dispensary employee stated that the dispensary was licensed by the DC Government.

160.    On August 20, 2024, Plaintiff again investigated the UpNSmoke DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

161.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by UpNSmoke DuPont Circle Dispensary.  The two 1706 R Property Owners materially contributed to the UpNSmoke DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the two 1706 R

Property Owners in leasing their commercial space to the UpNSmoke DuPont Circle Dispensary the illegal cannabis sales by UpNSmoke DuPont Circle Dispensary would not have been made.

### K.  1921 18th Property Owner – Orbit DuPont Circle Dispensary

162.    Defendant Mansour Mansourkia Trustee under the Mansour Mansourkia Trust ("1921 18th Property Owner") leases its commercial space to Defendant Elevate DC LLC t/a Orbit Shop ("Orbit DuPont Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location that is within ¼-mile of a middle or high school.

163.    The 1921 18th Property Owner intentionally leased its commercial space for the sale of illegal cannabis and cannabis products.  It appears that the 1921 18th Property Owner first leased to the Orbit DuPont Circle Dispensary no later than November 16, 2022, which is the date that a Certificate of Occupancy (for an unspecified use change) was applied for on the adjacent property (1919 18th Street NW) also owned by Mansour Mansourkia Trustee and leased together with the commercial space at 1921 18th Street NW to the Orbit DuPont Circle Dispensary.  That application for a Certificate of Occupancy was never granted nor did the property owner or dispensary ever seek a Certificate of Occupancy for 1921 18th Street NW, and the dispensary never even applied for a basic business license at that location. Both the property owner and dispensary sought to conceal from the DC Zoning Office the intended use of the property to operate as an unlicensed, illegal cannabis dispensary.  The property owner and dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

164.    The Orbit DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or

manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

165.    The 1921 18th Property Owner never investigated or conducted any meaningful due diligence review of the Orbit DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 1921 18th Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

166.    The Orbit DuPont Circle Dispensary falsely promotes itself and advertises in interstate commerce through its use of social media (Instagram(@orbitshopdc), the internet (Google Search, Buyshroomsindc.com, Weedtome.com, TrustedBud.com, etc.) and its own website (www.dcweed.com).  On its website Orbit DuPont Circle Dispensary emphasizes that it makes interstate deliveries throughout Maryland, DC, Northern Virginia and the rest of Virginia—and "no medical card is required".  The dispensary's misrepresentations on the internet regarding its legal status and the nature, qualities, characteristics, origin, and legality of the cannabis it sells are intended to confuse or deceive consumers.

167.    The Orbit DuPont Circle Dispensary's website lists a wide selection of illegal cannabis for sale at its shop or on the internet, including pre-rolls, THC flower, Magic mushrooms (psilocybin) cannabis edibles, cannabis cartridges, concentrates, disposable and rechargeable vapes, high potency edibles).  "Orbit Shop DC is the best place in Washington, DC to buy weed. We have a selection of high-quality cannabis, and we have knowledgeable staff who can help

you find what's suitable for your needs.  We provide safe delivery throughout Maryland, Virginia and Northern Virginia for FREE Delivery Available Up to 100 miles."

168.    Among the illegal cannabis products advertised for sale on the Orbit DuPont Circle Dispensary's website are edibles that use deceptive packaging that mimic famous non-cannabis brands like "Kool-Aid 420 Kush" drink , skittles and many others.

169.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Orbit DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Orbit DuPont Circle Dispensary adds significantly to the deception of consumers by selling cannabis vapes that are also illegal under an additional DC law that prohibits the sale of electronic smoking devices within ¼-mile of a middle or high school.

170.    On February 7, 2024, Plaintiff investigated the Orbit DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

171.    On August 16, 2024, Plaintiff again investigated the Orbit DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

172.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Orbit DuPont Circle Dispensary.  The 1921 18th Property Owner materially contributed to the Orbit DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1921 18th Property Owner in leasing its commercial space to the Orbit DuPont Circle Dispensary the illegal cannabis sales by Orbit DuPont Circle Dispensary would not have been made.

**L.  2622 Georgia Property Owner – Lifted Pleasant Plains Dispensary**

173.    Defendant Tashir J. Lee ("2622 Georgia Property Owner") leases its commercial space to Defendant Listenvision LLC t/a Lifted Shop ("Lifted Pleasant Plains Dispensary") who operates an illegal dispensary at that location within ¼-mile of a middle or high school where the sale of all electronic smoking devices are expressly prohibited by DC law.

174.    The 2622 Georgia Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  It appears that the 2622 Georgia Property Owner first leased to the Lifted Pleasant Plains Dispensary on or about December 1, 2009, which is the date the dispensary obtained a general business license (69011254) at that location.  The property owner and the illegal dispensary have had a long run together across from Howard University.  The only Certificate of Occupancy on the building (CO1300706) issued December 21, 2012 is for Office Space.  Clearly neither the property owner nor the illegal dispensary sought to inform the DC Zoning Office as to the actual use of the property to sell illegal cannabis and "magic mushroom".

175.    The Lifted Pleasant Plains Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

176.    The 2622 Georgia Property Owner never investigated or conducted any meaningful due diligence review of the Lifted Pleasant Plains Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues which it no doubt has. The dispensary was not hiding from the property owner the nature of its business.  The building is brightly painted with the Lifted Shop logo and is most obviously a cannabis dispensary recognizable from a block away.  Inside the dispensary

it is cramped full of cannabis products that includes the widest assortment of cannabis edibles in the city and in fact presents itself as a cannabis café where infused-drinks and edibles can be purchased and consumed.  There is no mistaking the purpose and function of this building to even the most casual of observers.

177.    The Lifted Pleasant Plains Dispensary falsely promotes itself and advertises in interstate commerce through its use of social media (X (@liftedshopdc)), numerous internet postings and ads (Google (with more than 900 photos alone), Yelp, TrustedBud, Yahoo, Buyshrooms.com, MapQuest, etc.), and its own website (www.liftedshopdc.com) where it misrepresents its own legal status as well as the quality, nature, characteristic, origin, and legality of the cannabis it sells to confuse or deceive consumers.

178.    No surprising since the Lifted Pleasant Plains Dispensary and Orbit DuPont Circle Dispensary are under common ownership, their websites are mirror images offering the same cannabis and mushroom ("shrooms")/psilocybin products that are not available through any legal dispensary.  The selection of shrooms/psilocybin is among the largest offered in the entire city. Both these illegal dispensaries also offer interstate deliveries throughout Maryland, DC, Northern Virginia up to 100 miles away –again not something licensed dispensaries can offer because it is illegal to make interstate deliveries of cannabis.  Also, both websites appear to emphasize –"no medical card needed when visiting our shop"—again, not something licensed dispensaries can offer since medical cards are required to purchase cannabis under DC laws.  The websites of these affiliated illegal dispensaries underscore the level of unfair competition of a legal, licensed cannabis dispensary trying to compete with an illegal cannabis dispensary offering a wide variety of illegal cannabis products and potentially substitutable products like shrooms that are completely illegal in DC.

179.    Both Lifted Pleasant Plains Dispensary and its affiliate, Orbit DuPont Circle Dispensary

also violate the Flavored Tobacco Prohibition Act of 2021 which prohibits the sale in DC of any

electronic smoking devices, including cannabis vapes, within ¼-mile of a middle or high school.

The cannabis vapes offered for sale by Lifted Pleasant Plains Dispensary includes major

cannabis brands that are nationally advertised (Jetter, Runtz, Muha Meds, Choice Labs, Mohave,

etc.) but illegal in DC and many other jurisdictions.

180.    Among the illegal cannabis products advertised for sale on the Orbit DuPont Circle

Dispensary's website are edibles that use deceptive packaging that mimic famous non-cannabis

brands like "Kool-Aid 420 Kush" drink , skittles and many others.

181.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed

dispensaries (like Lifted Pleasant Plains Dispensary) as premium, legal products to gain an unfair

competitive advantage over licensed dispensaries. However, the Lifted Pleasant Plains adds

significantly to the deception of consumers by violating multiple laws with respect not only to

the sale of illegal cannabis under DC law, but the interstate transportation and distribution of

cannabis, the sale of shrooms and violating DC prohibition of the sale of vapes within ¼-mile of

a middle or high school.

182.    On March 21, 2024, Plaintiff investigated the Lifted Pleasant Plains Dispensary and

observed the display and sale of illegal cannabis.

183.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost

commercial sales that were instead made by Lifted Pleasant Plains Dispensary.  The 2622

Georgia Property Owner materially contributed to the Lifted Pleasant Plains Dispensary's

deception of consumers regarding its own legal status as well as the legal status under DC law of

the cannabis it is selling consumers.  Without the material participation of the 2622 Georgia

Property Owner in leasing its commercial space to the Lifted Pleasant Plains Dispensary the illegal cannabis sales by Lifted Pleasant Plains Dispensary would not have been made.

**M.  Defendant Jeremy Beaver**

184.    Defendant Jeremy Beaver ("Beaver") is the managing member of Defendants Elevate DC LLC ("Orbit DuPont Circle Dispensary") and Listenvision LLC ("Lifted Pleasant Plains Dispensary") which on information and belief are single member LLCs.

185.    The Orbit DuPont Circle Dispensary and Lifted Pleasant Plains Dispensary are business conduits for Defendant Beaver who directs and controls the unlicensed and illegal cannabis operations of these illegal dispensaries in the District of Columbia and their interstate sales and distributions and deliveries of illegal cannabis throughout the DMV.

186.    There is a commingling of business records between Defendant Beaver and the two illegal cannabis dispensaries and no corporate veil should exist to insulate Defendant Beaver from the liability of the Orbit DuPont Dispensary and the Lifted Pleasant Plains Dispensary.

**N.  427 8th Property Owner – Strawnana Capitol Hill Dispensary and UpNSmoke Capitol Hill Dispensary**

187.    Defendant Goldstar Barracks Row LLC ("427 8th Property Owner") leases its commercial space to Defendant Strawnana Juice Bar LLC ("Strawnana Capitol Hill Dispensary) and to UpNSmoke LLC ("UpNSmoke Capitol Hill Dispensary") who either together or separately operate or operated an illegal cannabis dispensary at that location.

188.    The 427 8th Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  It appears that the 427 8th Property Owner first leased to the Strawnana Capitol Hill Dispensary on or before February 1, 2023 when a general business license (400322808209) was issued to the dispensary shortly after it had been established (December 29, 2022) as an LLC in the District of Columbia.  It is unclear when the UpNSmoke Capitol Hill

Dispensary also began operating at the same location with the Strawnana Capitol Hill Dispensary, but photos online show A-frame signs earlier in 2024 in front of the dispensary advertising cannabis for sale with the UpNSmoke logo and QR Code for its cannabis menu at that location. The 427 8th Property Owner along with Strawnana Capitol Hill Dispensary and UpNSmoke Capitol  Hill Dispensary sought to conceal from the DC Zoning Office what activities were being conducted at the property by not filing an application for a Certificate of Occupancy.  The property owner and dispensaries were collectively motivated to use this commercial space to generate illegal cannabis sales.

189.    Neither the Strawnana Capitol Hill Dispensary nor the UpNSmoke Capitol Hill Dispensary ever had a cannabis retailer license issued by ABCA.  At all times both dispensaries have operated as unlicensed and illegal dispensaries selling illegal cannabis.  None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

190.    The 427 8th Property Owner never investigated or conducted any meaningful due diligence review of either the Strawnana Capitol Hill Dispensary or the UpNSmoke Capitol Hill Dispensary before entering into a lease or otherwise allowing these dispensaries to operate at this location because it knew that these dispensaries were unlicensed and involved in the sale of illegal cannabis and expected them to generate significant revenues. The dispensaries were not hiding from the property owner the nature of their business.  The primary purpose of these unlicensed, illegal  dispensaries is to sell illegal cannabis and the 427 8th Property Owner

understood this and never took any other action to determine if the dispensaries had any legitimate (legal) business purpose.

191.    The UpNSmoke Capitol Hill Dispensary promotes itself and advertises in interstate commerce through its extensive use of social media (Reddit), the internet (including paid guides to illegal dispensaries Toker's Guide, Leafy and Yelp), Google, Yahoo, MapQuest, Showmelocal.com, Bizapedia.com, etc. and its own website (www.upnsmokellc.com) that encourages customers to use to place advance orders to be picked up. There is also a second website (www.upnsmokedc.com) focused just for ordering for cannabis to be delivered in interstate commerce throughout the entire District-Maryland- Virginia region.

192.    UpNSmoke operates five (5) unlicensed and illegal  cannabis dispensaries in the District of Columbia, including the UpNSmoke Capitol Hill Dispensary.  The menu for the UpNSmoke Capitol Hill Dispensary is referred to as its "Strawnana" store in the Eastern Market.  All five illegal dispensaries are listed on its website with separate menus of illegal cannabis for sale at each one. UpNSmoke Capitol Hill Dispensary's website promotes itself as a legal dispensary under the laws of the District of Columbia and presents it cannabis and cannabis products as being legal as well to confuse or deceive consumers as to the nature, characteristics, quality, origins or legality of the cannabis.

193.    The UpNSmoke Capitol Hill Dispensary misrepresents itself as being i-71 Compliant to further confuse or deceive consumers:

> By blending our love for creating music and sharing cannabis we
>  created UpNsmoke and provide both.  Our vision is to offer a safe
> and legal way to gift cannabis in compliance with Initiative 71.
> Our goal is to provide the highest quality cannabis gifts backed
> by professional, reliable, fast, friendly, discreet and knowledgeable
>  customer service.

194.    The UpNSmoke Capitol Hill Dispensary seeks to divert commercial sales from the legal cannabis market by its false claims it is it is legal and the products it sells are legal. Furthermore, it offers an "Rewards" system as a further indication that it is a legitimate dispensary operating within the parameters of DC laws.

195.    The fact that an unlicensed, illegal cannabis dispensary is able to sell illegal cannabis and cannabis products from unknown and illegal sources is another demonstration of the extent of its false advertising and promotion.

196.    The UpNSmoke Capitol Hill Dispensary's website presents a variety of cannabis for sale (Flower, edible, concentrates, mushrooms, pre-rolls and "Specials").  There are descriptions, photos and posted prices for each product.

197.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like UpNSmoke Capitol Hill Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

198.    On January 31, 2024, Plaintiff investigated the Strawnana Capitol Hill Dispensary/UpNSmoke Capitol Hill Dispensary and observed display and sale of illegal of cannabis. And while the dispensary is listed on the UpNSmoke website and an A-frame sign display UpNSmoke's QR Code and logo, the sales receipts at the dispensary identify "Strawnana" as the retailer.

199.    On August 21, 2024, Plaintiff again investigated the Strawnana Capitol Hill Dispensary/UpNSmoke Capitol Hill Dispensary and observed the display and sale of illegal cannabis.

200.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Strawnana Capitol Hill Dispensary/UpNSmoke

Capitol Hill Dispensary.  The 427 8th Property Owner materially contributed to the Strawnana Capitol Hill Dispensary/UpNSmoke Capitol Hill Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 427 8th Property Owner in leasing its commercial space to the Strawnana Capitol Hill Dispensary/UpNSmoke Capitol Hill Dispensary the illegal cannabis sales by Strawnana Capitol Hill Dispensary/UpNSmoke Capitol Hill Dispensary would not have been made.

### O.  1813 18th Property Owner – Promoco DuPont Circle Dispensary

201.    Defendant Promoco LLC ("1813 18th Property Owner") performs a dual role in that it also uses the commercial property it owns to operate an unlicensed, illegal cannabis dispensary ("Promoco DuPont Circle Dispensary") at this same location that is within ¼-mile of a middle or high school.

202.    The 1813 18th Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  Although the 1813 18th Property Owner appears to have purchased the property on or about September 13, 2023, it was operating the Promoco DuPont Circle Dispensary long before that at the same location.  Online postings indicate that Promoco LLC has been engaged in the sale of illegal cannabis and  magic mushrooms since 2018, long before it purchased this property, it leased the property from the prior owners (Christine Mitchell and James Demetro) for use as an unlicensed, illegal cannabis dispensary.  It was motivated to initially lease the property and subsequently purchase it in order to operate an unlicensed, illegal cannabis dispensary to generate illegal cannabis commercial sales.

203.    The  Promoco DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an unlicensed, illegal dispensary selling illegal cannabis.

None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

204.    On its website (www.promocodc.com) the Promoco DuPont Circle Dispensary presents itself as a legal dispensary that is i71 compliant:

> PromoCo is Washington, D.C.'s premier  i71 Complaint in-store delivery service offering the best carts, shrooms & concentrate in the area.  We opened in 2018 as a cart based service but have blossomed in offering a variety of products while upholding our commitment to exceptional customer service.

205.    There are no I-71 or I-81 (relates to magic mushrooms) rules and regulations issued by any DC Government agency that recognizes the legality of these claims by Promoco DuPont Circle Dispensary.  In fact, the opposite is true , the DC Government has held that  "gifting" of cannabis by commercial retailers is an "illegal sale" and it is illegal for unlicensed cannabis retailers to engage in such activity.  Further these claims represent false advertising and false promotions intended to confuse or deceive consumers.

206.    The Promoco DuPont Dispensary advertises in interstate commerce through its use of social media (Instagram (@promoco.dc), Facebook (PromocoDC), X (@@promocodc-2), YouTube (PromocoDC), Reddit), various paid guides to illegal dispensaries (Toker's Guide, Hashmode.dev, AllBud.com, Dispensarynearmee.com), numerous other internet sites (Aftership.com, MapQuest, Washingtononline.com, beacons.ai, Westco.coop, Provenexpert.com, DCollective.com, etc.) search sites (Google) and its own website (www.promocodc.com) that misrepresents its own legal status and the nature, qualities, characteristics, origin or legality of the cannabis it sells in order to confuse or deceive consumers.

207.    On its website, the Promoco DuPont Dispensary falsely claims its cannabis products are "legally sourced products" when the opposite is true. Its online menu of cannabis include cartridges, flower, magic mushrooms, concentrates, edibles, tinctures, and distillates. None of these products are sourced from licensed cultivators and manufactures in the District of Columbia and are illegal under DC law.

208.    Additionally, the Promoco DuPont Circle Dispensary promotes the facts that it also makes deliveries in interstate commerce of illegal cannabis.

209.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Promoco DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Promoco DuPont Circle Dispensary adds significantly to the deception of consumers by selling cannabis vapes that are also illegal under an additional DC law that prohibits the sale of electronic smoking devices within ¼-mile of a middle or high school.

210.    On January 31, 2024, and February 9, 2024, Plaintiff's representatives visited the Promoco DuPont Circle Dispensary and observed the display of cannabis and the illegal sale of such products.  Furthermore, a customer banking receipt for the use of the ATM machine located in this dispensary in Washington, DC shows the ATM location to be in "Ashburn, Virginia" indicating a false banking location.

211.    On August 7, 2024, the District of Columbia Alcoholic Beverage and Cannabis Board ("ABCB") issued its Order to Cease And Desist in Case No. 24-ULC-00013, against the Promoco DuPont Circle Dispensary, Defendant Martin, and the two prior owners of the property at 1813 18th Street NW, Unit #1, Washington, DC 20009 (*i.e.* Christine Mitchell and James Demetro), ordering them to "cease the illegal purchase, sale, exchange, delivery or other form of

commercial transaction involving cannabis immediately." This order was based on prior investigations of the Promoco Dupont Circle Dispensary on May 2, 2024 and July 26, 2024 finding evidence of illegal cannabis transaction, as well as falsely claiming to be following Initiative 71.

212.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by the Promoco DuPont Dispensary. The 1813 18th Property Owner materially contributed to the Promoco DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers. Without the material participation of the 1813 18th Property Owner in leasing its commercial space to the Promoco DuPont Circle Dispensary the illegal cannabis sales by the Promoco DuPont Circle Dispensary would not have been made.

### P.  Defendant Joshua Martin

213.    Defendant Joshua Martin ("Martin") is the only listed owner of Defendant Promoco LLC which on information and belief is a single member LLC.

214.    The Promoco DuPont Circle Dispensary is the business conduit for Defendant Martin who directs and controls its unlicensed and illegal cannabis operations in the District of Columbia and its interstate sales and deliveries of illegal cannabis and cannabis products.

215.    There is a commingling of business records between Defendant Martin and the Promoco DuPont Circle Dispensary and no corporate veil should exist to insulate Defendant Martin from the liability of Promoco DuPont Circle Dispensary.

### Q.  1821 18th Property Owner – Embers DuPont Circle Dispensary

216.    Defendant Rizk M. Chamma Trustee ("1821 18th Property Owner") leased its commercial space at 1821 18th Street NW, Washington, DC 20009 to Defendant Embers LLC ("Embers

DuPont Circle Dispensary") who operated an unlicensed and illegal cannabis dispensary at that location that is within ¼-mile of a middle or high school.

217.    The 1821 18th Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  It appears that the 1821 18th Property Owner has been leasing to the Embers DuPont Circle Dispensary since it was registered as an LLC in the District of Columbia on October 29, 2019.  The 1821 18th Property Owner tried to conceal from the DC Zoning Office that an illegal dispensary was operating at that location by not filing for a Certificate of Occupancy.

218.    The  Embers DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

219.    The 1821 18th Property Owner never investigated or conducted any meaningful due diligence review of the Embers DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 1821 18th Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

220.    The Embers DuPont Circle Dispensary promoted itself and advertised in interstate commerce through its use of social media (Instagram (@embersllc), Facebook (Embersllc)), paid guides to illegal dispensaries (Yelp) and the internet (Google, MapQuest, Roadtrippers.com,

Nextdoor.com, Foursquare.com, etc.), and its own website (www.embersDC.com ) to misrepresent the legality of the dispensary and the nature, characteristics, qualities, origin or legality of the cannabis it sells to confuse or deceive consumers.

221.    Previously the Embers DuPont Circle Dispensary sold THC and CBD cannabis products, and now its website is focused on CBD, Delta 8 cannabis products. Without being licensed and while competing against licensed cannabis entities in the District of Columbia, the Embers DuPont Circle Dispensary sold cannabis from unlicensed cultivators and manufacturers in other states and foreign countries. On its website Embers DuPont Circle Dispensary claims "Embers has partnered with the highest quality local and national CBD companies".  What it conceals is that its partners are illegal suppliers and licensed dispensaries are prohibited from selling their cannabis products.

222.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Embers DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Embers DuPont Circle Dispensary adds significantly to the deception of consumers by selling cannabis vapes that are also illegal under another DC law that prohibits the sale of electronic smoking devices within ¼-mile of a middle or high school.

223.    The fact that an unlicensed, illegal cannabis dispensary is able to sell illegal cannabis and cannabis products from unknown and illegal sources is another demonstration of the extent of its false advertising and promotion.

224.    The Embers DuPont Circle Dispensary's website presents a variety of  CDB products (including CBD products for pets), including cannabis flower, pre-rolls, edibles, gummies, dosed drinks, and tinctures) none of which can be legally sold in DC by a licensed dispensary.

225.    On January 30, 2024, Plaintiff investigated the Embers DuPont Circle Dispensary and observed display and sale of illegal cannabis.

226.    On August 16, 2024, Plaintiff again investigated the Embers DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

227.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Embers DuPont Circle Dispensary.  The 1821 18th Property Owner materially contributed to the Embers DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1821 18th Property Owner in leasing its commercial space to the Embers DuPont Circle Dispensary the illegal cannabis sales by Embers DuPont Circle Dispensary would not have been made.

### R.  2026 P Property Owner – Yana DuPont Circle Dispensary

228.    Defendant Ike LLC ("2026 P Property Owner") leases its commercial space to Defendant Yana's Creatives LLC ("Yana DuPont Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location.

229.    The 2026 P Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  The Yana DuPont Circle Dispensary was registered as an LLC in DC on December 27, 2022 which may indicate an approximate date as to when the 2026 P Property Owner first leased to the dispensary.  The dispensary did not apply for a basic business license at that time, nor did the 2026 P Property Owner file for a Certificate of Occupancy.  Both the property owner and dispensary sought to conceal from the DC Zoning Office the intended use of the property to operate as an unlicensed, illegal cannabis dispensary.  The property owner and

dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

230.    The Yana DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. There is a large sign with a marijuana plant sign in front of the building , and when open, there is an A-frame sign on the sidewalk with another marijuana plant sign indicating that online ordering and delivery was available and showing the QR Code to allow customers to look for the dispensary's cannabis menu and prices.  Inside the dispensary the open display of cannabis products clearly indicates that it is a cannabis shop.  Photos of the outside and inside of the dispensary are posted on the internet to promote and advertise the sale of cannabis at this location. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

231.    The 2026 P Property Owner never investigated or conducted any meaningful due diligence review of the Yana DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 2026 P Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

232.    The Yana DuPont Circle Dispensary falsely promotes and advertises in interstate commerce through its use of social media (Instagram(@yanacreatives), paid internet guides to

illegal dispensaries (Toker's Guide and Yelp), the internet (Google Search) and its own website (www.yanacast.com) intended to misrepresent the dispensary's legal status and the nature, characteristics, qualities, origin or legality of the cannabis it sells to confuse or deceive consumers.  Its website further emphasizes that it makes interstate deliveries throughout Maryland, DC, and Virginia of the illegal cannabis advertised on its website.

233.    The Yana DuPont Circle Dispensary's website  shows a wide selection of illegal cannabis for sale in DC or on the internet, including pre-rolls, flower, concentrates, pens, oil cartridges, gummies, edibles, infused drinks, mushrooms and CBD. disposable and rechargeable vapes, high potency edibles).

234.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Yana DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

235.    On February 1, 2024, Plaintiff investigated the Yana DuPont Circle Dispensary and observed the display and sale of illegal cannabis.  Among the illegal cannabis products for sale were THC pre-rolls that are packaged in a "Yana"-branded canister.  The dispensary employee stated that this was a licensed cannabis dispensary.

236.    On August 20, 2024, Plaintiff again investigated the Yana DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

237.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Yana DuPont Circle Dispensary.  The 2026 P Property Owner materially contributed to the Yana DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 2026 P Property Owner in

leasing its commercial space to the Yana DuPont Circle Dispensary the illegal cannabis sales by Yana DuPont Circle Dispensary would not have been made.

### S.  1703 N. Capitol Property Owner – Cloud Truxton Circle Dispensary

238.    Defendant Yue Rong Dai ("1703 N. Capitol Property Owner") leased its commercial space to Defendant Bizz LLC t/a Cloud 9 ("Cloud Truxton Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location that is within ¼-mile of a middle or high school, and it sells illegal flavored tobacco products.

239.    The 1703 N. Capitol Property Owner intentionally leased its commercial space for the sale of illegal cannabis and illegal flavored tobacco products.  The 1703 N. Capitol Property Owner first leased to the Cloud Truxton Circle Dispensary at least 3 years ago as indicated by the posting of online photos of the dispensary.  On April 21, 2021, a Certificate of Occupancy (CO2100557) was issued for the space leased to the Cloud Truxton Circle Dispensary for "retail tobacco".  The dispensary did not apply for a basic business license at that time, nor did the 1703 N. Capitol Property Owner accurately identify to the DC Zoning Office the type of business being conducted on the property. Both the property owner and dispensary sought to conceal from government authorities the intended use of the property to operate as an unlicensed, illegal cannabis dispensary and to sell illegal flavored tobacco products.  The property owner and dispensary were collectively motivated to use this commercial space to generate sales of illegal cannabis and flavored tobacco products.

240.    The Cloud Truxton Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an unlicensed and illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold

from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

241.    The 1703 N. Capitol Property Owner never investigated or conducted any meaningful due diligence review of the Cloud Truxton Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant sales. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis and cannabis products illegally and the 1703 N. Capitol Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.  It is apparent inside the dispensary that the store only sells illegal cannabis and nicotine products and the dispensary posts online photos of the inside of the dispensary to promote and advertise the sale of these illegal products at this location.

242.    The Cloud Truxton Circle Dispensary falsely promotes and advertises in interstate commerce through its use of social media (Instagram(@cloud9_d.c.), Reddit, Facebook (cloud-9-103360845303935)), paid internet guides to illegal dispensaries (Yelp, Wheresweed.com, Cannapages.com), various internet postings and ads (Google Search, MapQuest) and its own website (www.cloud-dc.com) that misrepresents the dispensary's legal status and the nature, characteristics, qualities, origin or legality of the cannabis it sells in order to confuse or deceive consumers.

243.    On its website the Cloud Truxton Circle Dispensary misrepresents the cannabis is sells  as legal "gifts".  For example, on the menu page of its website, next to the listing for a 1gram $60 cannabis cartridge, the dispensary claims "when you get a pair of socks [for $60]. You get a Denal Indica 1 g cartridge as gift." This sort of commercial transaction is a "sale" when the

dispensary is unlicensed and the products was not cultivated and manufactured by licensed entities in the District of Columbia, the dispensary is making an illegal sale.

244.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Cloud Truxton Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Cloud Truxton Circle Dispensary adds significantly to the deception of consumers by also selling in the same shop a selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia. Furthermore, all the cannabis and nicotine vapes sold in this dispensary are expressly prohibited because the dispensary is located within ¼-mile of a middle or high school.

245.    On February 28, 2024, Plaintiff investigated the Cloud Truxton Circle Dispensary and observed the display and sale of illegal cannabis.

246.    On August 29, 2024, Plaintiff again investigated the Cloud Truxton Circle Dispensary and observed the display and sale of illegal cannabis.

247.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Cloud Truxton Circle Dispensary.  The 1703 N. capitol Property Owner materially contributed to the Cloud Truxton Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1703 N. Capitol Property Owner in leasing its commercial space to the  Cloud Truxton Circle Dispensary the illegal cannabis sales by Cloud Truxton Circle Dispensary would not have been made.

**T.  1810 Florida Property Owner – Maryjays DuPont Circle Dispensary**

248.    Defendant 1810 Florida Ave LLC ("1810 Florida Property Owner") leased its commercial space to Defendant Maryjays Social Equity Lobbying LLC ("Maryjays DuPont Circle

Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location that is within ¼-mile of a middle or high school.

249.    The 1810 Florida Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  The 1810 Florida Property Owner first leased to the Maryjays DuPont Circle Dispensary on or before May 6, 2022, as supported by the Certificate of Occupancy (CO2200964) issued for a change in retail space leased to Maryjays DuPont Circle Dispensary. The dispensary did not apply for a basic business license, nor did the 1810 Florida Property Owner accurately identify to the DC Zoning Office the type of business being conducted on the property. The property owner and dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

250.    The Maryjays DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an unlicensed, illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

251.    The 1810 Florida Property Owner never investigated or conducted any meaningful due diligence review of the Maryjays DuPont Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  Online postings of photos of the dispensary showing is illegal cannabis was intended to promote and advertise the availability of cannabis at this location.  The primary purpose of the dispensary is to sell cannabis and cannabis products illegally and the 1810 Florida

Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

252.     The Maryjays DuPont Circle Dispensary falsely promotes and advertises in interstate commerce through its use of social media (X@maryjays420), paid internet guides to illegal dispensaries (Yelp, Hubbiz (maryjay-420-dc-recreational-71-complaint-dispensary.hub.biz), Medium.com, Nextdoor.com, Wheresweed.com, Cannapages.com), the internet (Google Search, Yahoo) and its own website (www.maryjays420cigars.com)  to misrepresent the dispensary's legal status and the nature, characteristics, qualities, origin or legality of the cannabis it sell in order to confuse or deceive consumers.

253.     The Maryjays DuPont Circle Dispensary falsely claims to be I-71 compliant as a means of claiming that it is legally authorized to sell cannabis in the District of Columbia.  ABCA has determined that such claims are themselves false advertising prohibited by DC laws.

254.     On its website the Maryjays DuPont Circle Dispensary lists illegal cannabis for sale, including gummies, flower, pre-rolls, cartridges—and further indicates that it is willing to make large wholesale sales of such products. Nothing of these products are legal in DC and they all originate from unlicensed cultivators and manufactures from other states or foreign countries. Legal dispensaries are prohibited from selling these products.

255.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Maryjays DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Maryjays DuPont Circle Dispensary adds significantly to the deception of consumers by selling cannabis vapes that are also illegal under another DC law that prohibits the sale of electronic smoking devices within ¼-mile of a middle or high school.

256.   On January 30, 2024, Plaintiff investigated the Maryjays DuPont Circle Dispensary and observed the display and sale of illegal cannabis.  The dispensary contained a vending machine for cannabis products and a separate vending machine for cannabis-infused drinks. The dispensary employee stated that this was a licensed cannabis dispensary.

257.   On August 24, 2024, Plaintiff again investigated the Maryjays DuPont Circle Dispensary and observed the display and sale of illegal cannabis.

258.   The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Maryjays DuPont Circle Dispensary.  The 1810 Florida Property Owner materially contributed to the Maryjays DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1810 Florida Property Owner in leasing its commercial space to the Maryjays DuPont Circle Dispensary the illegal cannabis sales by Maryjays DuPont Circle Dispensary would not have been made.

### COUNT I – LIABILITY FOR VIOLATION OF LANHAM ACT FOR UNFAIR COMPETITION

259.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 258 above.

260.   Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) provides:

(a) Civil Action:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or in any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B)  in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

261.    Defendants Khopkins LLC t/a Chocolate City Wellness ("Chocolate DuPont Circle Dispensary"), District Hemp Botanicals t/a DHB Ventures ("Hemp DuPont Circle Dispensary"), Upscale Smoke Shop LLC t/a Puff Dreams ("Puff DuPont Circle Dispensary"), Hidden Gym LLC ("Gym Logan Circle Dispensary"), Pride Smoke Shop LLC ("Pride DuPont Circle Dispensary"), Sky's The Limit LLC ("Sky DuPont Circle Dispensary"), Smokejumpers LLC ("Smokejumpers Logan Circle Dispensary" and "Smokejumpers Woodley Park Dispensary"), UpNSmoke II, LLC ("UpNSmoke DuPont Circle Dispensary"), UpNSmoke LLC ("UpNSmoke Capitol Hill Dispensary"), Strawnana Juice Bar LLC ("Strawnana Capitol Hill Dispensary"), Elevate DC LLC t/a Orbit Shop ("Orbit DuPont Circle Dispensary"), Listenvision LLC t/a Lifted Shop ("Lifted Pleasant Plains Dispensary"), Promoco LLC ("Promoco DuPont Circle Dispensary"), Embers LLC ("Embers DuPont Circle Dispensary"), Yana's Creatives LLC ("Yana DuPont Circle Dispensary"),  Bizz LLC t/a Cloud 9 ("Cloud Truxton Circle Dispensary"), Maryjays Social Equity Lobbying LLC ("Maryjays DuPont Circle Dispensary") (hereinafter collectively referred to as "Eighteen Illegal Dispensary-Defendants")[3] each engaged in unfair competition against the legally licensed cannabis entities in violation of Section 43(a)(1)(A) of the Lanham Act.

---

[3] Technically there are only seventeen Illegal Dispensary-Defendants since Smokejumpers LLC owns and operates two illegal dispensaries, but each of these illegal dispensaries is described and explained separately in the Complaint.

262.    Each of the Eighteen Illegal Dispensary-Defendants falsely claim or represent in interstate commerce that the "origin" of the cannabis it sells (or sold) is cultivated or manufactured in the District of Columbia by licensed cultivators and/or manufactured because those licensees are the only source of legal cannabis under the laws of the District of Columbia. None of the cannabis sold by any of the Eighteen Illegal Dispensaries had as its "origin" any of the licensed cultivators and/or manufacturers in the District of Columbia. The false or misleading representations as to the "origin" of the cannabis sold by the Eighteen Illegal Dispensary-Defendants violate Section 43(a)(1) of the Lanham Act.

263.    Each of the Eighteen Illegal Dispensary-Defendants falsely describe or give false or misleading representations in interstate commerce as to the cannabis they sell (sold) "to cause confusion, or to cause mistake, or to deceive" consumers "as to the origin, sponsorship, or approval" of the District of Columbia Government (through ABCA) in violation of Section 43(a)(1)(A) of the Lanham Act.

264.    Each of the Eighteen Illegal Dispensary-Defendants falsely describe or make false or misleading descriptions of facts or false or misleading representations of fact in interstate commerce as to their own legal status to sell cannabis in the District of Columbia "to cause confusion, or to cause mistake, or to deceive" consumers as to the unlicensed dispensary's "affiliation, connection, or association … as to the origin, sponsorship, or approval of his or her goods, services, or commercial  activities" by licensed dispensaries in violation of Section 43(a)(1)(A) of the Lanham Act.

265.    Each of the Eighteen Illegal Dispensary-Defendants operate or operated in the past three years an illegal cannabis dispensary selling illegal cannabis flower and other cannabis products while simultaneously misrepresenting to customers (both in person and on the internet) that they

were legally licensed or legally authorized in the District of Columbia to sell cannabis.  These misrepresentations were made to deceive consumers to gain an unfair competitive advantage over licensed dispensaries who sold legal cannabis from licensed cultivators and manufacturers.

266.    Each of the Eighteen Illegal Dispensary-Defendants used the internet to deceive consumers in interstate commerce as to their legal status by claiming they were licensed or "i-71 compliant" or otherwise legally authorized to operate as a cannabis shop or dispensary and to sell or  "gift" cannabis to consumers in accordance with the laws of the District of Columbia.

267.    Without such misrepresentations and deceptions aimed at consumers, none of the Eighteen Illegal Dispensary-Defendants would have been able to make inroads into the cannabis market in the District of Columbia.

268.    Each of the Eighteen Illegal Dispensary-Defendants deceived consumers (both in person and on the internet) by representing that the cannabis flower and other cannabis products they sold were legal in the District of Columbia.

269.    None of the cannabis flower and other cannabis products sold by the Eighteen Illegal Dispensary-Defendants in their stores, listed on their websites, or sold online was legal under the laws of the District of Columbia.

270.    Each of the Eighteen Illegal Dispensary-Defendants sells illegal cannabis that is deceptively packaged as a premium product to deceive consumers to gain an unfair competitive advantage over legal dispensaries who are prohibited from purchasing and selling illegal cannabis.

271.    Each of the Eighteen Illegal Dispensary-Defendants deceived consumers into purchasing cannabis that is illegal under the laws of the District of Columbia.

272.    Some of the Eighteen Illegal Dispensary-Defendants also sell "magic mushrooms" (the common street name for the "psilocybin" found in entheogenic plants and fungi) and magic mushroom products like chocolates as a substitutable product for cannabis.  These dispensaries misrepresent the magic mushrooms and products they sell as being legal in DC and only available as premium products available at certain (albeit illegal) dispensaries.  These representations are false and are intended to deceive consumers to encourage their shopping with the illegal dispensary.

273.    At least three of the Illegal Dispensary-Defendants (Pride DuPont Circle Dispensary, Sky DuPont Circle Dispensary, and Cloud Truxton Circle Dispensary) also sell illegal flavored tobacco products, including nicotine vapes, as complementary "buzz" products that consumers may view as substitutable for cannabis.  By offering an additional product mix not available from licensed cannabis dispensaries , these unlicensed and illegal dispensaries seek to gain an unfair competitive advantage.

274.    At least five of  the Illegal Dispensary-Defendants (Orbit DuPont Circle Dispensary, Promoco DuPont Circle Dispensary, Embers DuPont Circle Dispensary, Cloud Truxton Circle Dispensary and Maryjays DuPont Circle Dispensary) also sell electronic smoking devices for cannabis within ¼-mile of middle or high schools without regard to the prohibition of such sales under DC's Flavored Tobacco Prohibition Amendment Act of 2021.  These illegal dispensaries do so to gain an unfair competitive advantage over licensed cannabis dispensaries.

275.    Commercial sales of illegal cannabis flower and other cannabis products by these illegal dispensaries competed with commercial sales of the legal cannabis by legal, licensed dispensaries in the District of Columbia and diverted commercial sales from the legal cannabis

market, causing commercial injury to licensed cultivators, manufacturers and dispensaries represented by ALCE.

276.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits (trebled) of each of the Eighteen Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date the illegal dispensary ceased all illegal cannabis sales), plus interest, for violation of the Lanham Act for unfair competition.

277.    Defendants who, as property owners, received a percentage of revenues from illegal cannabis sales by one or more of the Eighteen Illegal Dispensary-Defendants as partial compensation to the Property Owner—Defendant for its risk in leasing to illegal cannabis dispensaries, functioned as an illegal cannabis dispensary and are also jointly and severally liable with the Illegal Dispensary-Defendant to ALCE.

## COUNT II – CONTRIBUTORY LIABILITY FOR VIOLATION OF LANHAM ACT FOR UNFAIR COMPETITION

278.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 277 above.

279.    Defendants 1723 Conn. Ave. Investors LLC ("1723 Connecticut Property Owner"), SMS Financial Strategic Investments LLC ("Other 1723 Connecticut Property Owner"), AMGM LLC ("1323 Connecticut Property Owner"), Ren Shoa-Sheng ("1829 M Property Owner"), Annie Chen Trustee ("1508 14th Property Owner"), 1508 LLC ("Other 1508 14th Property Owner"), 1502 21st Street NW LLC ("1502 21st Property Owner"), Monika M. Ensey ("1325 Connecticut Property Owner"), Sang K. Ryu ("1412 14th Property Owner"), 2602 Connecticut Avenue Joint Venture ("2602 Connecticut Property Owner"), R St 1706 LLC ("1706 R Property Owner"), Mansour Mansourkia Trustee Under the Mansour Mansourkia Trust ("Other 1706 Property

Owner" and "1921 18th Property Owner"), Tashir J. Lee ("2622 Georgia Property Owner"),

Promoco LLC ("1813 18th Property Owner"), Rizk M. Chamma Trustee ("1821 18th Property

Owner"), Ike LLC ("2025 P Property Owner"), Yue Rong Dai ("1703 N. Capitol Property

Owner), 1810 Florida Ave LLC ("110 Florida Property Owner"), and Goldstar Barracks Row

LLC ("427 8th Property Owner")  (hereinafter collectively referred to as "Twenty Property

Owner-Defendants")[4] are each individually contributorily liable for violation of Section

43(a)(1)(A) of the Lanham Act for unfair competition.

280.    Each of the Twenty Property Owner-Defendants leased commercial space to unlicensed

cannabis dispensaries which allowed such illegal dispensaries to falsely claim or represent that

they were legal or licensed cannabis dispensaries in a manner "likely to cause confusion, or to

cause mistake, or to deceive" consumers as to the legal status in the District of Columbia of the

unlicensed dispensaries in violation of Section 43(a)(1)(A) of the Lanham Act.

281.    Each of the Twenty Property Owner-Defendants leased commercial space to unlicensed

cannabis dispensaries which allowed the use of the commercial space and the address of such

commercial space to be used to sell illegal cannabis which was  "likely to cause confusion, or to

cause mistake, or to deceive" consumers  "as to the origin, sponsorship, or approval of" this

illegal cannabis, or the legality of the other related services offered by unlicensed dispensaries,

including access to credit or debit cards, and shipping and delivery of illegal cannabis in

interstate commerce.

282.    Each of the Twenty Property Owner-Defendants materially participated in the

establishment of operations of one or more of the Eighteen Illegal Dispensary-Defendants by

---

[4] Technically, there are only eighteen Property Owner-Defendants since one Property Owner-Defendant, Mansour Mansourkia Trustee, owns two properties, and another Property Owner-Defendant, Promoco LLC, has already been counted as an, Illegal Dispensary-Defendant due to the fact that it performs both roles by operating an illegal dispensary in a property it owns.

leasing commercial space to them for the sale of illegal cannabis. These defendants materially participated with the illegal dispensary-defendants in violations of Section 43(a)(1)(A).

283.    Each of the Twenty Property Owner-Defendants leased space in commercial properties they owned to unlicensed and illegal cannabis dispensaries.

284.    Each of the Twenty Property Owner-Defendants had knowledge of or had reason to know that the Eighteen Illegal Dispensary-Defendants were unlicensed and sold illegal cannabis flower and other cannabis products, and in at least three cases, illegal flavored tobacco products, at their respective leased locations to gain an unfair competitive advantage.

285.    At least five of the commercial properties leased to the Eighteen Illegal Dispensary-Defendants by the Twenty Property Owner-Defendants are located within ¼-mile of a middle or high school in DC where the sale of all electronic smoking devices are prohibited under DC law. Those Property Owner-Defendants had knowledge of or had reason to know that the Illegal Dispensary-Defendants that they leased to sold prohibited vapes and other illegal cannabis and nicotine products to gain an unfair competitive advantage.

286.    Each of the Twenty Property Owner-Defendants was aware (or should have been aware) that consumers were deceived as to the legal status of the illegal dispensary-defendants, and the legality of the cannabis and, in certain cases, flavored tobacco, sold at these illegal dispensaries.

287.    Each of the Twenty Property Owner-Defendants materially contributed to the deception of consumers by providing one or more illegal dispensaries with the appearance of legitimacy by leasing commercial property to the illegal dispensary.

288.    None of the Twenty Property Owner-Defendants required any of the illegal dispensaries to become a legal, licensed dispensary, and only sell cannabis that was legal under the laws of the District of Columbia.

289.    "Willful blindness" of any of the Twenty Property Owner-Defendants does not excuse their liability for violation of the Lanham Act for contributory unfair competition.

290.    The actions of each of these Twenty Property Owner-Defendants caused injury to the legal cannabis market represented by ALCE  in the form of commercial cannabis sales diverted from the legal market to the illegal market.  Without the participation of the Twenty Property Owner-Defendants, the illegal dispensaries would not have been able to operate and sell illegal cannabis flower and other cannabis products.

291.    Each of the Twenty Property Owner-Defendants acted as competitors to the legal cannabis market by their actions in leasing commercial space to illegal dispensaries to compete with the legal market for cannabis sales.

292.    The lease payments received by each of the Twenty Property Owner-Defendants was paid with revenues generated by the sale of illegal cannabis diverted from the legal cannabis market.

293.    Where lease payments to a Property Owner-Defendant included a percentage of revenues from illegal cannabis sales, this additional direct participation as a partner in the illegal sale and distribution of illegal cannabis, requires that Property Owner-Defendant also be held liable as an illegal dispensary.

294.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits and compensation (trebled) of each of the Twenty Property Owner-Defendants from their dealings with the Eighteen Illegal Dispensary-Defendants from the earlier of (i) three years prior to the filing of this Complaint or (ii) the date the illegal dispensary occupied the space leased from one of the Property Owner-Defendants, through the date of judgment in this case (or the date the illegal dispensary ceased all illegal cannabis sales), plus interest, for violation of the Lanham Act for contributory unfair competition.

**COUNT III – LIABILITY FOR VIOLATION OF LANHAM ACT FOR FALSE ADVERTISING AND FALSE PROMOTION**

295.     Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 294 above.

296.     Each of the Eighteen Illegal Dispensary-Defendants engaged in false advertising and promotion in violation of Section 43(a)(1)(B) of the Lanham Act.

297.     Each of the Eighteen Illegal Dispensary-Defendants falsely describe or give false or misleading descriptions of fact or misleading representations of fact in interstate commerce as to the cannabis they sell.  Each make such misrepresentations on the internet regarding the nature, characteristics, qualities, or geographic origin of the cannabis they sell in violation of Section 43(a)(1)(B) of the Lanham Act.

298.     Each of the Eighteen Illegal Dispensary-Defendants falsely describes or gives false or misleading descriptions of fact or misleading representations of fact as to the cannabis sold by legal, licensed dispensaries in violation of Section 43(a)(1)(B) of the Lanham Act.

299.     Each of the Eighteen Illegal Dispensary-Defendants used the internet to falsely advertise and promote themselves in interstate commerce as legal dispensaries in the District of Columbia that sold only legal cannabis flower and other cannabis products. These claims along with misleading packaging of  illegal cannabis was intended to confuse and deceive consumers.

300.     Each  of the Eighteen Illegal Dispensary-Defendants used the internet to falsely advertise and promote illegal cannabis and illegal dispensaries in interstate commerce.

301.     Each of the Eighteen Illegal Dispensary-Defendants advertises and promotes in interstate commerce the sale of some type of illegal cannabis, e.g., CBD, THC, hemp-derived, Delta 8, etc.

302.    Advertising claims by the Eighteen Illegal Dispensary-Defendants that any of these cannabis types are legally sold by an unlicensed retailer in DC are intended to confuse or deceive consumers.

303.    Each of the Eighteen Illegal Dispensary-Defendants sells some nationally marketed cannabis brands as a premium product concealing the fact that all such cannabis products are illegal in DC;

304.    Many of the nationally marketed cannabis brands are deceptively packaged with inaccurate potency statements, misrepresent the safety of the products, fail state the lack of third-party testing or governmental oversight or fail to give any information as to the actual cultivator or manufacturer.  The Eighteen Illegal Dispensary-Defendants withhold this information to deceive consumers about the cannabis they are selling illegally.

305.    Some of the Eighteen Illegal Dispensary-Defendants also sell cannabis deceptively packaged to look like non-cannabis, national consumer brands to confuse or deceive consumers and gain a competitive advantage over the legal market, e.g., Nerd Robes, Chips Ahoy, Milky Way, Snickers, Dean & Deluca, Doritos, etc.

306.    Many of the Eighteen Illegal Dispensary-Defendants offer to deliver illegal cannabis products in interstate commerce outside of the District of Columbia into Maryland and Virginia and present such delivery options as being safe and legal.  Legal dispensaries in the District of Columbia are prohibited from making deliveries in interstate commerce outside of the District of Columbia.

307.    Some of the Eighteen Illegal Dispensary-Defendants falsely advertise and promote the sale on their websites and in their stores of "magic" mushrooms that they also represent as being legal in DC for them to sell. Legal, licensed cannabis dispensaries in the District of Columbia are

prohibited from selling 'magic" mushrooms which are illegal for everyone to sell in the District of Columbia.

308.    At least three of the Illegal Dispensary-Defendants also sell illegal flavored tobacco products that are national brands, including nicotine vapes, that are heavily advertised in interstate commerce.  The inclusion of these brands in the product mix of an illegal dispensary help to promote the illegal dispensary/smoke shops in a manner intended to confuse or deceive consumers.

309.    At least five of the Illegal Dispensary-Defendants also sell electronic smoking devices for both cannabis within ¼-mile of middle or high schools and seek to increase their sales by offering heavily advertised brands even though illegal in DC.

310.    Each of the Eighteen Illegal Dispensary-Defendants have (or had) an internet presence that they used in interstate commerce to confuse or deceive consumers about the illegal cannabis they advertised for sale.

311.    Each of the Eighteen Illegal Dispensary-Defendants has or had websites promoting the sale at their leased locations and online of illegal cannabis products that they falsely represented to be legal in the District of Columbia, laboratory tested and high quality.

312.    Each of the Eighteen Illegal Dispensary-Defendants falsely advertised and falsely promoted in interstate commerce claims intended to deceive consumers as to the legal status of the different cannabis products and the legal status of the unlicensed dispensary itself.

313.    Each of the Eighteen Illegal Dispensary-Defendants concealed from consumers the fact that they were not licensed by ABCA and used the internet to advertise and promote itself as operating as a legal dispensary.

314.    None of the cannabis sold by any of the Eighteen Illegal Dispensary- Defendants can be legally sold by any retailer in DC, even licensed dispensaries are prohibited from selling such products that are not cultivated and manufactured by licensed cultivators and manufacturers in DC.

315.    False claims as to the legality and nature of the illegal cannabis flower and other cannabis products falsely advertised and falsely promoted and sold in interstate commerce by the Eighteen Illegal Dispensary-Defendants reduced commercial sales in the legal cannabis market in the District of Columbia and caused damage to the licensed cultivator, manufacturers and dispensaries represented by ALCE.

316.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits of the each of the Eighteen Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date the illegal dispensary complete cessation of illegal cannabis sales), plus interest for violation of the Lanham Act for false advertising and false promotion.

**COUNT IV – CONTRIBUTORY LIABILITY FOR VIOLATION OF LANHAM ACT FOR FALSE ADVERTISING AND FALSE PROMOTION**

317.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 316 above.

318.    Each of the Twenty Property Owner-Defendants is liable for violation of Section 43(a)(1)(B) of the Lanham Act for contributory false advertising and promotion.

319.    Each of the Twenty Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed such illegal dispensaries to advertise and promote in interstate commerce their presence and the sale of illegal cannabis at that location which allowed

the misrepresentation of the nature, characteristics, qualities, or geographic origin of the cannabis sold by the illegal dispensaries in violation of Section 43(a)(1)(B) of the Lanham Act.

320.     Each of the Twenty Property Owner-Defendants also permitted their property to be used to advertise or promote in interstate commerce the sale of illegal cannabis in DC with signage of illegal cannabis sales attached to the building property and photos of the building and signage posted on the internet, along with direction to the property in violation of Section 43(a)(1)(B) of the Lanham Act.

321.     Each of the Twenty Property Owner-Defendants had knowledge of or had reason to know that the Eighteen Illegal Dispensary-Defendants were advertising and promoting the sale of illegal cannabis flower and other cannabis products sold from their leased premises.  These defendants materially participated in the illegal dispensary-defendants' violations of Section 43(a)(1)(B).

322.     "Willful blindness" of these twenty defendants does not excuse their liability for violation of the Lanham Act for contributory false advertising and false promotion.

323.     Each of the Twenty Property Owner-Defendants signed (or was responsible for signing) leases with the Eighteen Illegal Dispensary-Defendants.  They entered into these leases with knowledge that the lease payments made to them would be based on the sale of illegal cannabis falsely advertised and promoted by the sixteen illegal dispensary-defendants.

324.     Each of the Twenty Property Owner-Defendants caused injury to the legal market by intentionally leasing to illegal dispensaries that they knew or should have known were selling illegal cannabis and diverting sales from the legal cannabis market and causing damage to the licensed cultivators, manufacturers and dispensaries represented by ALCE.

325.    Each of the Twenty Property Owner-Defendants had access to the leased premises that displayed illegal cannabis flower and other cannabis products that were being falsely advertised and promoted in interstate commerce with the support of these defendants. Without the knowing involvement and participation of these twenty defendants, the illegal dispensaries would not have been able to operate by falsely advertising and promoting illegal cannabis and cannabis products.

326.    None of the Twenty Property Owner-Defendants as a condition of the lease or otherwise required the illegal dispensary to obtain a legal cannabis license or to refrain from ever selling illegal cannabis.

327.    None of the Twenty Property Owner-Defendants ever took any action to cause the illegal dispensary to cease advertising and promoting the sale from their leased premises of illegal cannabis.

328.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits and any other compensation (trebled) received by the Twenty Property Owner-Defendants from the Eighteen Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date of the complete cessation of all illegal cannabis sales from the leased premises), plus interest, for the violation of the Lanham Act for contributory false advertising and promotion.

## COUNT V – VIOLATION OF COMMON LAW IN THE DISTRICT OF COLUMBIA FOR UNFAIR COMPETITION

329.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 328 above.

330.     Common law of Unfair Competition in the District of Columbia recognizes a party's liability to a competitor where the offending party used methods that were independently illegal or where the offending party used false advertising or deceptive packaging.

331.     Each of the Eighteen Illegal Dispensary-Defendants engaged in unfair competition by: (i) selling of cannabis in the District of Columbia without being licensed as a cannabis retailer by ABCA; (ii) selling illegal cannabis flower and other cannabis products not cultivated or manufactured by licensed cultivators and manufacturers in DC; (iii) falsely advertising the cannabis they sold as legal, safe, and from legal sources; and (iv) selling cannabis in deceptive packaging as a premium product that licensed dispensaries cannot sell under the laws of the District of Columbia.  Additionally, some of the Eighteen Illegal Dispensary-Defendants sold other illegal "buzz" products partially substitutable for cannabis, such as "magic" mushrooms and flavored tobacco products to confuse or deceive consumers to gain an unfair competitive advantage over licensed dispensaries.

332.     Each of the Twenty Property Owner-Defendants materially participated in the establishment and operation of an illegal cannabis dispensary by leasing commercial space to the illegal dispensaries knowing (or have reason to know) of their intent to sell illegal cannabis flower, and other cannabis products.  Also, when a Property Owner-Defendant received a percentage of the illegal dispensaries' revenues from the sale of illegal cannabis, that Property Owner-Defendant itself functioned as an illegal dispensary and is also jointly and severally liable for the damage caused by the illegal dispensary to licensed cultivators, manufacturers and dispensaries represented by ALCE.

333.     The legal cannabis market was injured as a direct result of the unfair competition of the illegal dispensaries and the contributory unfair competition of the other twenty defendants. The

legal cannabis market was injured by the commercial sales diverted from the sale of legal cannabis in the District of Columbia.

334.    Representing the legal cannabis market in the District of Columbia, ALCE seeks damages from each of the Eighteen Illegal Dispensary-Defendants and each of the Twenty Property Owner-Defendants equal to their individual profits and compensation (trebled) resulting from their illegal unfair competition and false advertising practices in competing with the legal cannabis market in the District of Columbia.

## COUNT VI – LIABILITY FOR NEGLIGENCE IN OPERATING ILLEGAL CANNABIS DISPENSARIES SELLING ILLEGAL CANNABIS AND CANNABIS PRODUCTS

335.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 335 above.

336.    Each of the Eighteen Illegal Dispensary-Defendants owed a duty of care to the legal cannabis market (composed of the licensed cultivators, manufacturers, and retailers) in the District of Columbia to apply for and obtain a legal license from ABCA before selling any cannabis in the District of Columbia.

337.    Foreseeability of injury to the legal cannabis market is apparent where a party engages in the illegal sale of cannabis without obtaining a legal license and ignoring the laws in the District of Columbia regarding what cannabis is consider legal for sale in DC and what entities are legally authorized to sell such legal cannabis. If a dispensary is not licensed to sell cannabis flower and other cannabis products to consumers in the District of Columbia then it is not authorized to purchase legally cultivated cannabis flower and other legally manufactured cannabis products. By selling illegal cannabis flower and other cannabis products it was foreseeable that the legal cannabis market would be injured by the diversion of commercial sales and profits to the illegal cannabis market.

338.    Each of the Eighteen Illegal Dispensary-Defendants breached its duty of care to the legal cannabis market in failing to become licensed and in selling illegal cannabis flower and other cannabis products to consumers in the District of Columbia.

339.    The breach of their respective individual duties of care by these defendants is the proximate cause for the legal cannabis market's injury.  These defendants knew or should have known that their actions would cause injury to the legal cannabis market as represented by ALCE.

340.    The legal cannabis market was injured by each of the Eighteen Illegal Dispensary-Defendants Defendants' breach of their individual duty of care by the diversion of commercial sales from the legal cannabis market to the illegal cannabis market.  ACLE seeks damages for the injury caused the legal cannabis market by the negligence of the Eighteen Illegal Dispensary-Defendants for the breach of their duty to the legal cannabis market based on the commercial revenues and profits these defendants received from their commercial sale of illegal cannabis.

**COUNT VII – LIABILITY FOR NEGLIGENCE IN BREACH  OF DUTY OF DUE DILIGENCE IN ALLOWING ILLEGAL CANNABIS DISPENSARIES TO OPERATE**

341.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 340 above.

342.    Each of the Twenty Property Owner-Defendants owed a duty of care to the legal cannabis market in the District of Columbia to exercise due diligence in the leasing of commercial property so as not to lease to unlicensed and illegal cannabis dispensaries.

343.    The foreseeability of injury to the legal cannabis market is apparent where commercial property is leased to unlicensed cannabis dispensaries that have no access to legal cannabis supplies.

344.    The duty of care owed by these defendants to the legal cannabis market required them to engage in due diligence to know their tenants and their proposed use of the premises.  The exercise of reasonable due diligence would have prevented leasing the properties to any of these illegal dispensaries.

345.    Furthermore, at any time after leasing to the illegal dispensaries, the property owner defendants could have easily determined that illegal cannabis was being sold at these storefronts and taken action to close down such illegal operations but chose not to do so.

346.    The storefronts of the illegal dispensaries declare on the outside that they sell cannabis. All of the illegal dispensaries make clear that they sell a wide assortment of illegal cannabis flower and other cannabis products.  Even a casual observer would be able to identify any of these dispensaries as selling cannabis—and even a minimal amount of due diligence on behalf of the property owners would have disclosed that each of the Eighteen Illegal Dispensary-Defendants was unlicensed and operating illegally.

347.    Each of the Twenty Property Owner-Defendants breached their duty of care to the legal cannabis market by failing to exercise due diligence and in leasing to unlicensed dispensaries, and later in continuing to lease to these unlicensed dispensaries.

348.    The breach of their respective individual duties of care by each of the Twenty Property Owner-Defendants is the proximate cause for the legal cannabis market's injury – the loss of commercial sales to the illegal cannabis market. These defendants knew or should have known that their actions would cause commercial sales injury to the legal cannabis market.

349.    The legal cannabis market was injured by the Twenty Property Owner-Defendants' breach of their duty of care by the diversion of commercial sales to the illegal cannabis market.

ACLE seeks damages equal to the commercial revenues and compensation received by the Twenty Property Owner-Defendants from the Eighteen Illegal Dispensary-Defendants.

## COUNT VIII – GROSS NEGLIGENCE IN THE WILLFUL OPERATION OF ILLEGAL DISPENSARIES AND SALE OF ILLEGAL CANNABIS AND CANNABIS PRODUCTS

350.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 349 above.

351.    Each of the Eighteen Illegal Dispensary Owner-Defendants willfully breached its individual duty of care to the legal cannabis market by failing to obtain a cannabis retailer license from ABCA and selling illegal cannabis flower and other cannabis products in the District of Columbia.

352.    Each of the Eighteen Illegal Dispensary-Defendants demonstrated a reckless disregard for the legal cannabis market in their participation in the illegal cannabis market.  Their willful intent to harm the legal cannabis market involves a heightened degree of negligence constituting gross negligence.

353.    As a consequence of the gross negligence of each of the Eighteen Illegal Dispensary-Defendants, ALCE requests punitive damages be ordered against each of these defendants.

## COUNT IX – AIDING AND ABETTING GROSS NEGLIGENCE

354.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 353 above.

355.    Each of the Twenty Property Owner-Defendants aided and abetted in the gross negligence of the Eighteen Illegal Dispensary-Defendants.

356.    Each of the Twenty Property Owner-Defendants had knowledge that the Eighteen Illegal Dispensary-Defendants were not licensed cannabis dispensaries, pursued them as tenants, and

knew that they intended to sell illegal cannabis flower and other cannabis products to the public. Each of the Twenty Property Owner-Defendants was motived by its desire to obtain higher lease payments for allowing their properties to be used for illegal activities.

357.   The Twenty Property Owner-Defendants enabled the Eighteen Illegal Dispensaries to get established and leased to them commercial space to make illegal cannabis sales in their perpetration of gross negligence in the willful breach of their individual duties to the legal cannabis market.

358.   But for the lease agreements between the property owners and the illegal dispensaries, the injury to the legal cannabis market would not have occurred; consequently there is a direct causation between the material assistance provided by the Twenty Property Owner-Defendants and the legal cannabis market's loss of commercial sales to the illegal cannabis market.

359.   ACLE requests punitive damages against the Twenty Property Owner-Defendants for aiding and abetting in the gross  negligence of the Eighteen Illegal Dispensary-Defendants.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests a trial on the allegations and liability claims against the Defendants for all the following injuries, damages and costs:

A.   All Defendants be required to pay their profits and compensation received from or related to the operation of illegal cannabis dispensaries and the sale of illegal cannabis in the District of Columbia for the past 3-year period to the date of judgment (or date the defendant ceased all illegal operations), trebled, for violations of the Lanham Act;

B.   All Defendants be required to pay their profits received from or related to their illegal activities in connection with the sale of illegal cannabis in the District of Columbia during the

past 3-year period to the date of judgment (or date the defendant ceased all illegal actions) for violations of common law unfair competition;

C.       Each of the Eighteen Illegal Dispensary-Defendants (Khopkins LLC t/a Chocolate City Wellness ("Chocolate DuPont Circle Dispensary"), District Hemp Botanicals t/a DHB Ventures ("Hemp DuPont Circle Dispensary"), Upscale Smoke Shop LLC t/a Puff Dreams ("Puff DuPont Circle Dispensary"), Hidden Gym LLC ("Gym Logan Circle Dispensary"), Pride Smoke Shop LLC ("Pride DuPont Circle Dispensary"), Sky's The Limit LLC ("Sky DuPont Circle Dispensary"), Smokejumpers LLC ("Smokejumpers Logan Circle Dispensary" and "Smokejumpers Woodley Park Dispensary"), UpNSmoke II, LLC ("UpNSmoke DuPont Circle Dispensary"), UpNSmoke LLC ("UpNSmoke Capitol Hill Dispensary"), Strawnana Juice Bar LLC ("Strawnana Capitol Hill Dispensary"), Elevate DC LLC t/a Orbit Shop ("Orbit DuPont Circle Dispensary"), Listenvision LLC t/a Lifted Shop ("Lifted Pleasant Plains Dispensary"), Promoco LLC ("Promoco DuPont Circle Dispensary"), Embers LLC ("Embers DuPont Circle Dispensary"), Yana's Creatives LLC ("Yana DuPont Circle Dispensary"),  Bizz LLC t/a Cloud 9 ("Cloud Truxton Circle Dispensary"), Maryjays Social Equity Lobbying LLC ("Maryjays DuPont Circle Dispensary")) be required to pay damages for their negligence equal to the revenues received from the illegal sale of illegal cannabis and cannabis products;

D.       Each of the Twenty Property Owner-Defendants (1723 Conn. Ave. Investors LLC ("1723 Connecticut Property Owner"), SMS Financial Strategic Investments LLC ("Other 1723 Connecticut Property Owner"), AMGM LLC ("1323 Connecticut Property Owner"), Ren Shoa-Sheng ("1829 M Property Owner"), Annie Chen Trustee ("1508 14th Property Owner"), 1508 LLC ("Other 1508 14th Property Owner"), 1502 21st Street NW LLC ('1502 21st Property Owner'), Monika M. Ensey ("1325 Connecticut Property Owner'), Sang K. Ryu ("1412 14th

Property Owner"), 2602 Connecticut Avenue Joint Venture ("2602 Connecticut Property Owner"), R St 1706 LLC ("1706 R Property Owner"), Mansour Mansourkia Trustee Under the Mansour Mansourkia Trust ("Other 1706 Property Owner" and "1921 18th Property Owner"), Tashir J. Lee (2622 Georgia Property Owner"), Promoco LLC ("1813 18th Property Owner"), Rizk M. Chamma Trustee ("1821 18th Property Owner"), Ike LLC ("2025 P Property Owner"), Yue Rong Dai ("1703 N. Capitol Property Owner"), 1810 Florida Ave LLC ("1810 Florida Property Owner"), and Goldstar Barracks Row LLC ("427 8th Property Owner"))  be required to pay damages for their negligence equal to the revenues and compensation they received from the Seventeen Illegal Dispensary-Defendants;

E.      Each of the Eighteen Illegal Dispensary-Defendants be required to pay punitive damages for their gross negligence;

F.      Each of the Twenty Property Owner-Defendants be required to pay punitive damages for their aiding and abetting the gross negligence of the Eighteen Illegal Dispensary-Defendants;

G.      Pierce the corporate veils of Defendants Elevate DC LLC ("Orbit DuPont Circle Dispensary") and Listenvision LLC ("Lifted Pleasant Plains Dispensary") to hold their managing member, Defendant Jeremy Beaver, jointly and severally liable  for damages against the two illegal cannabis dispensaries he directs and controls;

H.      Pierce the corporate veil of Defendant Promoco LLC ("Promoco DuPont Circle Dispensary") to hold its managing member and owner, Defendant Joshua Martin, jointly and severally liable for damages against the illegal cannabis dispensary he owns and controls;

H.      Pre-judgment interest from the date of the damages to the date of judgement;

I.      Costs of litigation and reasonable attorney fees.

Respectfully submitted,

Alliance of Legal Cannabis Entities-DC, LLC


/s/ Jon L. Brunenkant
Jon L. Brunenkant
DC Bar No. 966630
Brunenkant & Associates PLLC
1717 Pennsylvania Avenue NW
Suite 1025
Washington, DC 20006
(202) 559-8637
jonbrunenkant@gmail.com

Attorney for Alliance of Legal Cannabis Entities-DC, LLC


 October 18, 2024